**Gordon MARTIN, Appellant,**

v.

**MANN MERCHANDISING, INC., Appellee.**

**No. 5172.**

Court of Civil Appeals of Texas, Eastland.

Aug. 3, 1978.

Rehearing Denied Aug. 31, 1978.

Marvin G. Shwiff, Shwiff, Caraway & Emerson, Dallas, for appellant.

William R. Allensworth, Haynes & Boone, Dallas, for appellee.

McCLOUD, Chief Justice.

This is a summary judgment case. Plaintiff, Gordon Martin, sued defendant, Mann Merchandising, Inc., plaintiff's former employer, seeking severance and vacation pay. Plaintiff alleged that defendant represented to him that its policy was to pay one week's severance pay for each year of service and two weeks' vacation in the event his employment with defendant was terminated. Plaintiff pleaded he had been employed under an oral agreement for a period of more than eleven years and upon termination he was paid only one half of the severance and vacation pay he was entitled to receive.

The trial court granted defendant's motion for summary judgment and plaintiff has appealed. We reverse and remand.

Severance pay is usually associated with termination of the employment relationship for reasons generally beyond the control of the employee, and its purpose is to assure a worker whose employment has terminated certain funds while he seeks another job. 40 A.L.R.2d 1045.

Plaintiff stated in his affidavit opposing summary judgment that he was employed by defendant for eleven years and during that period he learned that defendant paid one week's severance pay for each year of service. He said he was furnished a copy of a memorandum showing that this was the policy of the company and he personally knew of other sales managers who were terminated and given their severance pay. Plaintiff's affidavit further provided:

".  .  . I never thought I was going to be fired, but certainly from my knowledge of their company policy and my knowledge that other sales managers received their severance pay, I believe that I would receive such same as the others and knowing that I must have and did consciously rely upon receiving same. I did all my work and I expected the company to perform all its obligation. Everyone who left the company before me received at least 1 week's severance pay for every year of service, and I was the only one who did not receive same."

By deposition plaintiff testified that no officer or anyone with the company ever orally told him he would receive one week's severance pay for each year he worked. Plaintiff answered that he did not discuss it with anyone because he never planned on leaving. This testimony establishes that there was no express contract but plaintiff urges there was a contract implied in fact.

Plaintiff stated he first learned of the alleged severance pay policy after he became a regional manager. This was about a year or a year and a half before he was terminated. While being questioned about two regional managers who had received severance pay after being terminated by defendant, plaintiff stated he did not personally know how their severance pay was calculated, but one of the managers told him it was "very, very generous". Immediately following this answer, plaintiff was asked the following questions and he gave the following answers:

"Q That didn't have anything to do with your decision to take the job as Regional Manager?

A No; this happened after I had been Regional Manager.

Q Didn't have anything to do with whether you stayed on as Regional Manager, did it?

A No.

Q So, this was just something else like extra salary? If it went up, that was great; is that right?

A Give me that again, please?

Q That didn't have anything to do with whether you went to work for the company?

A When I go to work for a company, I plan on staying 'til I'm dead."

Defendant contends the answers by plaintiff conclusively establish that he did not rely upon the alleged offer of severance pay. We disagree. Plaintiff clearly stated in his affidavit he did so rely. Plaintiff's answers, if contradictory, created a fact issue. *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224 (Tex.Civ.App.— San Antonio 1951, writ ref'd). Moreover, we think "reliance" by the employee is not significant in a case of this nature. We find no Texas case in point, however, in *Anthony v. Jersey Central Power & Light Co.*, 51 N.J.Super. 139, 143 A.2d 762 (1958), when confronted with the argument there was no evidence that the employees relied upon the promise of severance pay in continuing their employment, the court, after holding that reliance was presumed, stated:

"As was said in a different context in *Diamond v. Davis*, 62 N.Y.S.2d 181, 194 (Sup.Ct.1945):

'Employees have the right to place reliance upon the full performance of every authorized act and plan for employee benefit and welfare, such as group life insurance, retirement allowance, bonus, managers shares, and any other incentive offers. Every benefit firmly offered or authoritatively fixed for an employee or official which in the course of fair dealing and reasonable conduct should be rightfully expected may be regarded as part of or a just increment to the compensation payable for the work, labor or service performed or to be performed in a specified period.'

The employer obviously cannot evade liability for one of the proffered items of compensation after the employee has performed his labor by showing that the employee would have taken the job without the particular benefit in question and therefore cannot be said to have relied upon it in doing the work.

It makes no difference that the severance pay plan was promulgated after the plaintiffs had been employed for some time by defendant. Since the employment was always at will, any announcement of a change in or addition to the compensation of the employees of any form followed by the continuance of the employees in employment constituted an effective and binding agreement at the new terms for the service rendered thereafter. Consequently, once defendant improved the terms of compensation for plaintiffs' work by announcing the institution of the severance pay plan it must be assumed that plaintiffs were thereafter working for that benefit as much as for any other benefit or item of compensation held out to them as compensation by the employer.

Suppose, instead of the institution of the severance pay plan, the employer had of its own volition announced a 10% increase in the salary of the plaintiffs.

Could the defendant have thereafter repudiated its assumed obligation for the increase at the end of a pay period by the argument that plaintiffs had not relied thereon because they would have continued in their jobs even if the increase had not been announced? The question answers itself and also the defendant's contention here."

The Supreme Court of Oklahoma in *Dangott v. ASG Industries, Inc.*, 558 P.2d 379 (1976), a severance pay case, cited the quoted language from *Anthony v. Jersey Central Power & Light Co., supra,* and added:

"Admittedly the facts in the Jersey case show the plans sought to be enforced were distributed and communicated to all employees. This difference or distinction does not destroy the principles of law enunciated. Employees at will are entitled to additional compensation or benefits under any policy, because continuance in service after such policy change effects a binding agreement under the terms of the new policy."

See also: *Hinkeldey v. Cities Service Oil Company,* 470 S.W.2d 494 (Mo.Sup.1971); *Cain v. Allen Electric & Equipment Company,* 346 Mich. 568, 78 N.W.2d 296 (1956); 56 C.J.S. Master and Servant § 87; 53 Am. Jur.2d Master and Servant § 81.

■ We find out of state authority which discusses and appears to require reliance by the employee; however, the existence of severance pay being a matter of contract between the parties, we hold that the question of reliance is not significant. We think the proper rule was announced in *Hercules Powder Co. v. Brookfield,* 189 Va. 531, 53 S.E.2d 804 (1949), wherein the court held that the question to be determined was whether an offer had been made by the employer which was accepted by the employee. The court said:

"Plaintiff insists that the offer or promise made by defendant that payment of dismissal wage or salary would be made was contained in reasonably sufficient terms and the consideration to be rendered by an employee was his continued satisfactory service with the company for the period or periods mentioned in the offer. Performance of the condition imposed, he asserts, is a full and complete acceptance of the offer.

With this we agree. Through and by compliance with the terms of the offer, plaintiff necessarily had to and did forego his right to seek and accept other employment and affirmatively met all conditions imposed by rendering service to the defendant for the period and until the specified time.

Ample authority sustains the view that such a promise amounts to an offer, which, if accepted by performance of the service, fulfills the legal requirements of a contract."

*Marine Inspection Serv., Inc. v. Alexander,* 553 S.W.2d 185 (Tex.Civ.App.—Houston (1st Dist.) 1977, no writ), relied upon by defendant is clearly distinguishable. First, the case merely held there was no evidence the company agreed that the employee would be entitled to a paid salary in lieu of vacation time. Second, the language cited in *Alexander, supra,* from 53 Am.Jur.2d, Master and Servant, §§ 76 & 78 deals with compensation for extra or overtime work. The case is not concerned with a contract providing for severance pay.

■ The instant case is a summary judgment case. Defendant must establish as a matter of law by summary judgment proof that there is no genuine issue of fact as to one or more of the essential elements of plaintiff's cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex. 1970). Defendant has failed to fullfil its burden. Defendant has failed to conclusively establish that no contract implied in fact existed between the parties as urged by plaintiff.

The judgment of the trial court is reversed and the cause is remanded.