**Robert PINTO, etc., Plaintiff,**

v.

**ZENITH RADIO CORPORATION et al., Defendants.**

**No. 78 C 3606.**

United States District Court, N. D. Illinois, E. D.

July 12, 1979.

On Motion for Reconsideration Aug. 9, 1979.

---

Carponelli, Massucci, Krug & Blomquist, Arlington Heights, Ill., for plaintiff.

Dennis J. Waldeck, Zenith Radio Corp., Glenview, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff was an employee of defendant Zenith Hearing Instrument Corporation. On October 31, 1977, defendants sold their Zenith Hearing Aid Division, including Zenith Hearing Instrument Corporation, to Zenetron, Inc. Plaintiff was ·immediately hired by Zenetron.

Plaintiff sought severance pay from defendants, basing his claim on a severance pay policy statement contained in the corporate policy manual. However, on September 1, 1977, defendants had amended the policy to specifically exclude severance pay to employees terminated due to divestiture. Thus, defendants refused plaintiff's request for severance pay. On September 11, 1978, plaintiff brought this action on behalf of himself and those similarly situated. Defendants have moved for summary judgment. They contend that plaintiff is not entitled to severance pay under either the policy adopted before September 1, 1977, or the policy adopted thereafter.

*Jurisdiction*

Plaintiff seeks to invoke the jurisdiction of this court under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* Section 1132 provides:

"(a) A civil action may be brought—

"(3) by a participant, beneficiary, or fiduciary . . . (B) . . . (ii) to enforce any provisions of this subchapter *or the terms of the plan.*" (Emphasis added.)

"Plan" is defined in 29 U.S.C. § 1002(3) as "an employee welfare benefit plan or an employee pension benefit plan" or both. An "employee welfare benefit plan," as defined in 29 U.S.C. § 1002(1), includes any program providing participants with any benefits described in 29 U.S.C. § 186(c). Programs providing severance benefits are referred to in 29 U.S.C. § 186(c)(6). Thus, a regulation adopted under ERISA states:

"The benefits described in section 302(c)(6) of the LMRA but not in section 3(1)(A) of the Act are ' * * * holiday, severance or similar benefits.' Thus, the effect of section 3(1)(B) [29 U.S.C. § 1002(1)(B)] of the Act is to include within the definition of 'welfare plan' those plans which provide holiday and severance benefits, and benefits which are similar (for example, benefits which are in substance severance benefits, although not so characterized)." 29 C.F.R. § 2501.3–1.

Therefore, plaintiff's allegation that he was improperly denied severance benefits is sufficient to bring his claim for relief within ERISA and the jurisdiction of this court. 29 U.S.C. § 1132(e)(1).

*Applicable Law*

■ In construing defendants' severance pay policy, the parties have cited cases from numerous jurisdictions. They have also indicated that Illinois law applies. However, in actions to enforce the terms of a plan under ERISA, federal law applies. As stated by the Congressional Conference Committee which considered ERISA:

"All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947."

H.R.Conf.Rep.No.93–1280, 93d Cong., 2d Sess. *in* 1974 U.S.Code Cong. & Admin. News 5038 at 5107. Thus, the court must determine the applicable federal law. *Stamps v. Michigan Teamsters Joint Council No. 43,* 431 F.Supp. 745, 747 (E.D.Mich. 1977). *See also Textile Workers Union of America v. Lincoln Mills of Alabama,* 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

*The "Plan"*

The court has found no cases under Section 301 of the LMRA dealing with whether internal employer policy statements can become part of the employment contract. However, for the purpose of this motion the court will assume that defendants' severance pay policy created a contract between defendants and their employees. *See Martin v. Martin Merchandising, Inc.,* 570 S.W.2d 208 (Tex.Civ.App.1978); *Dangott v. ASG Industries, Inc.,* 558 P.2d 379 (Okl. 1976); *Dahl v. Brunswick Corp.,* 277 Md. 471, 356 A.2d 221 (1976); *Chapin v. Fairchild Camera and Instrument Corp.,* 31 Cal. App.3d 192, 107 Cal.Rptr. 111 (1973). *But see Hughes v. Encyclopedia Britannica, Inc.,* 1 Ill.App.2d 514, 117 N.E.2d 880 (1st Dist. 1954).

Turning to the language of the severance policies, plaintiff concedes that he is not entitled to severance pay under the policy as amended on September 1, 1977, since his termination resulted from a divestiture of defendants' operations. However, plaintiff argues that he has a vested right to severance pay under the original severance pay policy and that defendants' unilateral modification of that policy is ineffective. Therefore, plaintiff asserts that his claim for severance pay must be judged under the severance pay policy in effect prior to September 1, 1977. Defendants contend that the modification is effective and that even under the prior policy plaintiff is not entitled to severance pay.

■ The court need not determine whether defendants' amendment of the policy is effective since the court concludes that plaintiff is not entitled to severance pay even under the severance pay policy in effect prior to September 1, 1977. First, the policy provides that "[s]everance pay is not automatic." It is to be determined on a

"case-by-case" basis. Plaintiff argues that these provisions must be read in conjunction with the eligibility provisions which plaintiff claims define the situations, such as his, in which severance pay is automatic. However, they must also be read in conjunction with the stated purpose of severance pay: "[t]o assist salaried employees through a period of readjustment while seeking another position." Similar language was ignored in *Chapin, supra,* but in the present case, plaintiff has offered no evidence that severance pay was intended to constitute a "bonus" for past services. Further, the severance pay policy in *Chapin* did not require the case-by-case analysis provided for in defendants' severance pay policy.

Moreover, defendants' severance pay policy prior to September 1, 1977, provided for the termination of severance pay, in the discretion of management, if the employee received a job during the period of severance pay. Section IV. E. provides:

"If the separated individual becomes employed during the period that he or she is receiving severance pay, the payments may be discontinued."

On the undisputed facts in this case, the court concludes that plaintiff was not absolutely entitled to severance pay under defendants' severance pay policy. The court notes that plaintiff was never unemployed as a result of defendants' divestiture of their hearing aid division. Rather, plaintiff was immediately hired by defendants' successor company. Further, plaintiff has offered no evidence that defendants should be estopped from asserting the discretionary limits contained in their severance pay policy. Under the circumstances, neither severance pay policy of defendants required payment of severance benefits to plaintiff.

Accordingly, defendants' motion for summary judgment is granted, and plaintiff's complaint is dismissed.

## ON MOTION FOR RECONSIDERATION

On July 12, 1979, the court granted defendants' motion for summary judgment on plaintiff's complaint seeking severance pay. Plaintiff has moved for reconsideration.

Plaintiff's claim is based on defendants' corporate severance pay policy, specifically the policy adopted prior to September 1, 1977. Plaintiff lost his status as an employee of defendants when defendants sold their Hearing Aid Division to Zenetron, Inc. At that time, plaintiff was immediately hired by Zenetron.

The court, assuming that the severance pay policy adopted prior to September 1, 1977, was applicable, concluded that, under the terms of the policy, plaintiff did not have a vested right to severance pay. The court relied on the provisions in the policy that the granting of severance pay is to be determined on a case-by-case basis and that severance pay may be terminated where, as here, the employee obtains other employment.

Plaintiff now asks the court to disregard the terms of the severance pay policy and hold that severance pay is a vested benefit. While other courts have so ruled, the terms of the policy before this court preclude that conclusion. Plaintiff's alleged reliance on the severance pay as a vested benefit is unjustified.

Accordingly, plaintiff's motion for reconsideration is denied.