William H. STAMPS, Plaintiff,

v.

MICHIGAN TEAMSTERS JOINT COUN-CIL NO. 43, and Pension Fund, Central States, Southeast and Southwest Areas, Defendants.

Civ. A. No. 6–72297.

United States District Court,
E. D. Michigan, S. D.

May 5, 1977.

William D. Haynes, Detroit, Mich., for plaintiff.

James P. Hoffa, Detroit, Mich., for Mich. Teamsters No. 43 and Pension Fund.

Alan M. Levy, Milwaukee, Wis., Donald J. Prebenda, Levy & Prebenda Southfield, Mich., for Central States, etc.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Plaintiff William H. Stamps brings this suit against the Michigan Teamsters Joint Council No. 43, and the Pension Fund, Central States, Southeast and Southwest Areas, for benefits due and owing to him as a retired employee and union member. The suit was initiated as a contract action in the Wayne County Circuit Court of Michigan with a demand for jury trial. Defendants petitioned for removal to the federal court. The court recognized jurisdiction under section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, for plaintiff's rights which arose prior to 1974, and under section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, for plaintiff's claims which arose after 1974.

■ Defendants move to strike the plaintiff's jury demand. They assert that the plaintiff is not entitled to a jury trial because this is an action by the beneficiary of a trust fund against the trust to require the payment of a pension from trust assets. They reason that the rights of a beneficiary against a trustee never included the right to a jury trial because such actions are traditionally equitable, and that the Employee Retirement Income Security Act (ERISA), under which, they contend, this action must be brought, does not specifically grant the plaintiff a jury trial in this type of action.

The defendants cited Davis v. Huge, 91 LRRM 2235 (1975), a case very similar in its facts to this one, decided by Judge Hermansdorfer of the Eastern District of Kentucky. The court held that the issue of plaintiff's entitlement to pension benefits

was not triable to a jury because it basically dealt with the duty of a trustee to grant benefits, an action which was traditionally equitable in nature. However, the court reasoned, once the plaintiff established entitlement to the benefits, the remaining issue of money damages was a legal one and must be submitted to a jury upon demand.

The above decision, however, is not applicable to the case before this court because Davis was decided without reference to either section 301 of the Labor-Management Relations Act or ERISA, as jurisdiction was alleged on diversity grounds under 28 U.S.C. § 1332. The plaintiff's claims in this case arise under federal statute, and the only relevant question is whether Congress, in creating these statutory causes of action, intended the plaintiff's claims to be legal or equitable.

■ Section 301 of the Labor-Management Relations Act provides that the union may sue or be sued for breach of the collective bargaining agreement. An individual union member and employee may directly sue the union pension fund under section 301 in cases where the pension fund agreement is part of a contract between the union and the employer. Abruscateo v. Local 199, 69 LRRM 2537 (S.D.N.Y.1968); Smith v. DCA Food Industries, Inc., 269 F.Supp. 863 (D.C.Md.1967).

■ An employee who sues for money damages arising from a breach of the collective bargaining agreement is entitled to a jury trial upon request, Lucas v. Philco-Ford Corporation, 380 F.Supp. 139 (E.D.Pa. 1974); see Allen v. United Mine Workers of America, 319 F.2d 594 (6th Cir. 1963); Lewis v. Kepple, 185 F.Supp. 884 (W.D.Pa.1960); United Electrical R. & M. Workers v. Oliver Corp., 205 F.2d 376 (8th Cir. 1953), because an action under section 301 is essentially a contract action for damages. Absent statutory language or policy to the contrary, the plaintiff is entitled to a jury trial.[1]

■ ERISA does not specifically address the right to jury trial. However,

1. "[W]hen Congress provides for enforcement of statutory rights in an ordinary civil action in

the district courts, where there is obviously no functional justification for denying the jury tri-

section 502 must be interpreted as distinguishing between legal and equitable claims. Section 502 of the Employee Retirement Income Security Act, in relevant part, provides that

"(a) A civil action may be brought—
(1) by a participant or beneficiary—

.    .    .    .    .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

.    .    .    .    .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;
.   .   ."

The section sets forth, in the alternative, two remedies which are available to the beneficiary. Subsection (a)(3) clearly and specifically creates a civil action for equitable relief. Subsection (a)(1)(B) creates a different civil action for legal relief. This follows the general rule of statutory construction that statutes should be construed in such a way as to render none of the subsections superfluous. If the court construed subsection (a)(1)(B) to also create a cause of action for equitable relief, it would be superfluous to subsection (a)(3).

The plaintiff in this case seeks to enforce his rights under the terms of the pension plan and to recover monetary benefits owing to him from the pension fund. His claims seem to arise under subsection (a)(1)(B) and thus become legal rather than equitable.

The court's construction of section 502 is supported by the legislative history of ERI-

SA, which states that 502 actions should be guided by the caselaw developed under section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. The Joint Explanatory Statement of the Committee of Conference reads, in relevant part, as follows:

"All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947."

H.R.Conf.Rep. No. 93–1280, 93d Cong., 2d Sess. in 1974 U.S.Code Cong. & Ad.News pp. 5038, 5107.

For the reasons stated above, the court finds that the complaint in this case states a claim for damages flowing from an alleged breach of contract.[2] This claim is a legal one, and it is therefore triable to a jury upon demand. The defendant's motion to strike the jury demand is denied.

So ordered.

---

al right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law." *Curtis v. Loether*, 415 U.S. 189, 195, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974).

**2.** Although the plaintiff also seeks injunctive relief, his basic underlying claim is a contract claim.