## OIL, CHEMICAL AND ATOMIC WORKERS, INTERNATIONAL UNION, LOCAL 4–23

v.

## TEXACO, INC.

### Civ. A. No. B–78–735–CA.

United States District Court, E. D. Texas, Beaumont Division.

Oct. 16, 1980.

Walter Umphrey, Thomas F. Rugg, Provoost, Umphrey, Doyle & McPherson, Port Arthur, Tex., for Oil, Chemical and Atomic Workers, Intern. Union, Local 4–23.

Finis E. Cowan, Richard E. Brann, Mende Snodgress, Baker & Botts, Houston, Texas, J. M. Mitchell, Houston, Tex., Dewey J. Gonsoulin, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for Texaco, Inc.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

CAME ON THIS DAY to be heard the Motion of the plaintiff to reinstate the jury demand, and the Court, having considered the motion and the response of the defendant, is of the opinion that the motion should be GRANTED

The plaintiff, Oil, Chemical and Atomic Workers, International Union, Local 4–23 (OCAW), in this cause is suing for breach of the collective bargaining agreement between it and Texaco, Inc. (Texaco). OCAW claims that Texaco breached the agreement by decreasing a benefit under the pension plan in contravention of a specific prohibition in the agreement. The pension plan allows an employee to take his normal retirement income in a lump sum upon retirement. Texaco has increased the discount rate used in computing the lump sum payment option, and this has resulted in the final lump sum payment being smaller. Texaco claims that it has the right under the pension plan to vary the "applicable actuarial tables" to keep the lump sum payment "actuarially equivalent" to the normal retirement income. OCAW claims that this is a decrease in a benefit under the plan in violation of the collective bargaining agreement. At the pretrial conference, the Court granted Texaco's motion to strike OCAW's jury demand.

In its original motion to strike the jury demand, Texaco cited several cases which hold that in a suit by an employee against the plan administrator for a determination of entitlement to pension benefits, there was no right to a trial by jury because the only issue was whether the administrator acted arbitrarily or capriciously. *See Nedd v. United Mine Workers*, 556 F.2d 190 (3d Cir. 1977), *cert. denied*, 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978); *Genesta v. San Diego County Laborers' Pension Plan*, 87 Lab.Cas. ¶ 11,702 (S.D.Cal.1979); *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, Lab.Rel.Rep. (BNA), No. 239 D–1 (S.D.Ind.1979); *Porter v. Pension Fund*, 98 L.R.R.M. 3210 (N.D.Iowa 1978); *Davis v. Huge*, 91 L.R.R.M. 2234

(E.D.Ky.1975). The courts in these cases characterized the action as one by a beneficiary of a trust fund against a trustee for payment of trust assets. They reasoned that this kind of relief was traditionally equitable.

In *Nedd v. United Mine Workers of America*, 556 F.2d 190 (3d Cir. 1977), "[t]he gravamen of the pensioners' complaint ... [was] that the Trustees and the Union favored the interests of working miners over those of retirees and therefore failed to take prudent action to collect delinquencies from mine operators ...." *Id.* at 195. The pensioners claimed that the union did not enforce contractual obligations of the mine operators to contribute to the pension fund. *Id.* at 194. The court held that "[r]egardless of their statutory source, the relief sought by the beneficiaries is to have the Trustees account to the fund for their breach of duty in neglecting to enforce claims belonging to it." *Id.* at 207.

Similarly, in *Genesta v. San Diego County Laborers' Pension Plan*, 87 Lab.Cas. ¶ 11,702 (S.D.Cal.1979), the plaintiff brought an action to overturn the decision of the trustees denying his claim for benefits. The standard of review in the case was "whether the trustees' decision was arbitrary or capricious, erroneous on a question of law, or not supported by substantial evidence ...." *Id.* at 22,827.

In *Wardle v. Central States, Southeast and Southwest Areas Pension Fund*, Lab. Rel.Rep. (BNA), No. 239 D–1 (S.D.Ind. 1979), the court said that the pensioners, "in order to recover, must show more than a contractual right by a preponderance of the evidence but rather must show by such evidence that the trustees have acted arbitrarily and capriciously," *id.* at D–2, and "[t]he question is not whether the plaintiff has a contractual right to receive benefits from the defendant but rather whether it has acted improperly in making the determination that he was not so entitled." *Id.*

Likewise, in *Davis v. Huge*, 91 L.R.R.M. 2234, 2235 (E.D.Ky.1975), and *Porter v. Pension Plan*, 98 L.R.R.M. 3210 (N.D.Iowa), the issue was entitlement to a pension fund.

The *Nedd* line of cases is not controlling, however, as this action is not one by an employee seeking benefits from a pension trust. Rather, it is a suit by the union against the employer for breach of a collective bargaining agreement. Furthermore, the courts are split on whether there is a right to a jury trial in a suit against a pension fund. In *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F.Supp. 745 (E.D.Mich.1975), the court held that a suit under the Labor Management Relations Act (LMRA) § 301, 29 U.S.C. § 185 (1976) against a pension fund, where the pension plan is part of the collective bargaining agreement, "is essentially a contract action for damages." Thus, the court concluded that the plaintiff was entitled to a jury trial upon request. *Id.* at 746.*

In *Pollock v. Castrovinci*, 476 F.Supp. 606 (S.D.N.Y.1979), the plaintiff sued to recover surplus assets of the plan after the trustee terminated the plan. The complaint alleged that the trustees violated their fiduciary duties. On a motion to strike the jury demand, the district court held that the plaintiff was not entitled to a jury trial on his claim for reformation of the plan, but once the reformation issue was decided, there would be a right to jury trial on the benefits due under the reformed plan. *Id.* at 609.

## I. WHETHER THE CLAIM IS LEGAL OR EQUITABLE

■ The basis of jurisdiction in this case is diversity of citizenship, but the substantive right of the union to sue for breach of the collective bargaining agreement was created by § 301 of the LMRA. *See International Longshoremen's Union v. Juneau Spruce Corp.*, 342 U.S. 237, 241, 72 S.Ct. 235, 238, 96 L.Ed. 275 (1952); *Stamps v. Michi-*

---

* The *Stamps* court further concluded that section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. § 1132(a)(1)(B) (1976), created a civil remedy for legal relief, as opposed to the equitable remedy created by ERISA § 502(a)(3). *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F.Supp. at 747.

*gan Teamsters Joint Council No. 43*, 431 F.Supp. at 746. "An employee who sues for money damages arising from a breach of the collective bargaining agreement is entitled to a jury trial upon request." *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F.Supp. 746; *see Genesco, Inc. v. Joint Council No. 13, United Shoe Workers of America, AFL–CIO*, 341 F.2d 482, 484 (2d Cir. 1965); *Allen v. United Mine Workers of America*, 319 F.2d 594 (6th Cir. 1965); *United Electrical R. & M. Workers v. Oliver Corp.*, 205 F.2d 376, 386 (8th Cir. 1953); *Pollock v. Castrovinci*, 476 F.Supp. 606, 609 (S.D.N.Y.1979).

■ An analysis of basic principles of constitutional law also indicates that the instant claim is one to which the seventh amendment right to jury trial attaches. Whether a case is triable to a jury depends on the nature of the issue as defined by federal law. *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). In *Ross v. Bernhard*, the Court established three criteria for determining whether there was a right to a jury trial. "As our cases indicated, the 'legal' nature of an issue is determined by considering, first, the pre–merger custom with reference to such questions; second, the remedy sought; and third, the practical abilities and limitations of juries." 396 U.S. at 538 n.10, 90 S.Ct. at 738.

■ An inquiry into the first criterion would lead to the conclusion that a suit on a contract, or a suit for judicial interpretation of the meaning of a contract is a traditionally legal claim. Turning to the second criterion, the remedy sought, the pleadings show that the plaintiff seeks an accounting, specific performance, and a declaratory judgment as to the rights of the parties. The remedy of accounting is equitable, as is specific performance. The remedy of specific performance in this instance, however, is identical to money damages, as the plaintiff demands the immediate payment of a sum of money which it claims is required by the labor agreement. The plaintiff would be entitled to a jury trial on its demand for

a sum of money claimed to be owed. The plaintiff asks for a declaratory judgment that the defendant cannot change the interest rate. Jury trials are available in declaratory judgment actions if the action would have come to court as a legal action if there were no declaratory judgment procedure. *See Simler v. Conner*, 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963); *Owens–Illinois v. Lake Shore Land Co., Inc.*, 610 F.2d 1185 (3d Cir. 1979); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2313 (1971). This action would have most likely come to court as a breach of contract action seeking money damages if there were no declaratory judgment procedure. Thirdly, there are no practical limitations on the abilities of a jury to decide the issues in this case.

## II. WHETHER THERE ARE ISSUES OF FACT IN THE CASE

■ The defendant, in its motion to strike the jury demand, has alleged that there are no material issues of fact to submit to the jury. The defendant has made a similar argument in its motion for summary judgment which this Court has denied. The underlying facts are not in dispute. The parties entered into a collective bargaining agreement in 1975 which provided that Texaco would not decrease any benefit under the pension plan. The plan was incorporated by reference into the collective bargaining agreement. The agreement provides that the employee may elect to receive benefits upon retirement in a lump sum which would be the "actuarial equivalent" of the normal retirement income. "Actuarial equivalent" is defined with reference to "applicable actuarial tables". Texaco used a four percent discount rate in calculating the lump sum option when the option was first introduced in 1962, and continued to use the four percent rate until February 1976, when it raised the rate to five and one fourth percent. The rate was again raised in 1977 to six and one half percent. The discount rate affects the lump sum payment inversely, *i. e.*, each time the rate is raised, the lump sum payment decreases. The

plaintiff claims that there is a factual dispute over what the parties intended with respect to the discount rate when the agreement was entered. The defendant claims that the contract is unambiguous and that there is no fact question.

It appears that the dispute is over what inferences or conclusions should be drawn from these virtually uncontested facts. The law in the Fifth Circuit is that "if reasonable persons can draw conflicting inferences from otherwise undisputed facts, the collective wisdom of the jury ought be relied on." *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1126 (5th Cir. 1978). Likewise, the Fifth Circuit has consistently ruled that where a contract is found to be ambiguous, determination of its proper meaning is for the jury. *See Lyxell v. Vautrin*, 604 F.2d 18, 20 (5th Cir. 1979); *Ingalls Iron Works v. Fruehauf Corp.*, 518 F.2d 966, 969 (5th Cir. 1975); *Greenberg v. General Mills Fun Group*, 478 F.2d 254, 256 (5th Cir. 1973); *Roy L. Jones, Inc. v. Home Transportation Co.*, 422 F.2d 179, 181–82 (5th Cir. 1970). It is therefore

ORDERED, ADJUDGED and DECREED that the plaintiff's motion to reinstate the Jury Demand is hereby GRANTED and this cause be reset on the jury docket of this Court.