**Louis DIANO and Diano Construction and Supply Company, Inc., Plaintiff,**

v.

**CENTRAL STATES, SOUTHEAST and SOUTHWEST AREAS HEALTH and WELFARE and PENSION FUNDS, Defendant.**

Civ. A. No. 81–2048A.

United States District Court, N.D. Ohio, E.D.

Nov. 15, 1982.

Earl Sheehan, Canton, Ohio, for plaintiff.

Alan M. Levy, Milwaukee, Wis., Bernard S. Goldfarb, Mark V. Webber, Cleveland, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Plaintiffs Louis Diano and Diano Construction and Supply Company, Inc. (hereinafter "Diano" and "Diano Co.", respectively) filed a lawsuit in the Stark County Court of Common Pleas, seeking a court decree ordering defendant Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds (hereinafter "Central States") to specifically perform its obligations as trustee under a pension plan agreed upon between Diano Co. and General Truck Drivers & Helpers Union Local No. 92 (hereinafter "Union"). Specifically, plaintiff Diano demands all benefits due and owing him under the plan. In the alternative, plaintiff Diano Co. demands judgment against Central States in the sum of $9,325.50, plus interest, for the various contributions and costs made by Diano Co. Finally, both plaintiffs seek punitive damages, attorney fees, court costs, and such other relief as may be proper, and demand a trial by jury.

The action was removed to this Court, because jurisdiction over plaintiffs' claims arises under provision of § 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (hereinafter "ERISA").

Pending before the Court is defendant's Motion to Strike Plaintiffs' Demand for a Jury Trial and Punitive Damages. For the reasons set forth below, defendant's Motion to Strike is hereby granted.

## I. MOTION TO STRIKE REQUEST FOR JURY TRIAL

Defendant Central States claims that jury trials are not appropriate in equity actions, specifically in suits for pension benefits. Central States cites the unreport-

ed case of *Hiebel v. Pension Fund, Central States, Southeast and Southwest Areas,* Case No. M79–53 CA2 (W.D.Mich.1980), in which plaintiff-employee requested equitable relief enjoining defendant-trust fund from refusing to award him pension benefits, as well as compensatory and exemplary damages for mental anguish. In the alternative, plaintiff sought reimbursement for dues paid into defendant's fund on his behalf. A jury trial was demanded.

*Hiebel* granted defendant's Motion to Strike Plaintiff's Jury Demand. The Court found that its role in pension review cases was not to try plaintiff's claims anew, but instead to determine whether the trustees' decisions are arbitrary or capricious, or lacking substantial evidence. The Court held that only equitable remedies are available to trust fund beneficiaries seeking to enforce their interests. The Court also held that plaintiff's demand for reimbursement for various contributions made by him to the pension fund was incidental to his demand for equitable relief. Thus, no jury trial was afforded plaintiff.

*Hiebel* cited *Wardle v. Central States, Southeast and Southwest Areas Pension Fund,* 627 F.2d 820 (7th Cir.1980), cert. den. 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981), a leading case with respect to this issue. In *Wardle,* a teamster's pension fund denied a truck owner-operator's application for retirement benefits because he allegedly lacked employee status in the industry for a certain number of years. Plaintiff challenged this denial under § 502 of ERISA. The Court affirmed the district court's refusal to overturn the fund's denial of pension benefits and the trial court's denial of plaintiff's jury trial request.

The *Wardle* Court specifically disagreed with the holding in *Stamps v. Michigan Teamsters Joint Council No. 43,* 431 F.Supp. 745 (E.D.Mich.1977), relied upon by plaintiff in the case at bar. *Stamps* held that even though ERISA does not specifically address the jury issue, the statutory scheme and its legislative history lead to the conclusion that § 502(a)(1)(B) provides a plaintiff with a jury trial right.

Section 502(a)(1)(B) was found by *Stamps* to create a civil action for legal relief. Section 502(a)(3) was found to clearly and specifically create a civil action for equitable relief. Because statutes should be construed in such a way as to render none of the subsections superfluous, the court in *Stamps* concluded that § 502(a)(1)(B) must create a legal claim. Construed in that way, § 502(a)(1)(B) would not become mere surplusage in light of § 502(a)(3).

The Court in *Wardle* rejected this reasoning. § 502(a)(3) and § 502(a)(1)(B) were held not to be redundant since, under § 502(e), federal courts have exclusive jurisdiction over all § 502 claims except those arising under (a)(1)(B), over which state courts have concurrent jurisdiction. Thus, *Wardle* held that the two subsections can be construed as non-duplicative without concluding that one must be equitable and the other legal. ,

The second reason *Stamps* held that plaintiff was entitled to a jury trial was also found to be flawed by *Wardle.* The court in *Stamps* cited the congressional statement:

> All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947. H.R.Conf.Rep. No. 93–1280, 93rd Cong., 2nd Sess. in 1974 U.S.Code Cong. & Ad.News pp. 5038, 5107.

as support for the position that ERISA claims should carry the same substantive and procedural rights as claims under Section 301. Thus, since the plaintiff in *Stamps* was entitled to a jury under § 301 of the Labor-Management Relations Act, then the court also found such a right to be provided under § 502(a)(1)(B) of ERISA. *Wardle* found the quoted statement to merely mean that it was Congress' intent that federal courts should create federal common law in civil actions under § 502(a)(1)(B) of ERISA, just as the Supreme Court in *Textile Workers Union v. Lincoln Mills,* 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957), ruled that

federal courts could establish federal common law governing § 301 claims.

The Court in *Wardle* concluded that the silence in § 502 of ERISA regarding right to trial by jury reflects an intention by Congress that suits for pension benefits by disappointed applicants are equitable. Such suits have been entertained previously by federal courts on the basis of diversity jurisdiction, and have consistently been considered equitable in character. *Davis v. Huge,* 91 L.R.R.M. 2234 (E.D.Ky.1975); *Genesta v. San Diego County Laborers' Pension Plan,* 87 Lab.Cas. ¶ 11702, at 22827 (S.D.Cal.1979); *Sichko v. Lewis,* 191 F.Supp. 68 (W.D.Pa.1960).

Finally, the Fifth Circuit in *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980) also addressed the exact issue raised in *Stamps* and *Wardle,* and absolutely agreed on all points with *Wardle.*

*Stamps* was criticized by *Wardle* and *Calamia,* and has not been followed by any circuit. *Wardle* and *Calamia* are persuasive authorities inasmuch as neither the United States Supreme Court nor the Sixth Circuit Court of Appeals have as yet addressed these issues.

## II. MOTION TO STRIKE REQUEST FOR PUNITIVE DAMAGES

Defendant Central States argues that an award of punitive damages is inappropriate in pension eligibility cases, citing *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Industry of Southern California,* 424 F.Supp. 80, 82 (C.D.Cal.1976):

> ... The Employee Retirement Income Security Act of 1974 [29 U.S.C. § 1001, et seq.] provides no cause of action for damages for emotional distress, and permits no recovery of punitive damages....

Plaintiffs, on the other hand, contend that there is a split of authority regarding this issue. Plaintiffs cite *Eaton v. D'Amato,* 291 BNA D–11 (D.D.C.1980), in which the Court states that punitive damages are an available legal remedy when a wrong is committed by persons entrusted with fiduciary responsibility.

This may be true, but one case specifically differentiated between the availability of punitive damages against those in breach of their fiduciary duties and punitive damages against a pension plan. In *Short v. Junior Steel Co. Employees Pension Plan & Trust,* Case No. CV80–844 MRP, unreported case, (C.D.Cal.1980), the Court said:

> Although punitive damages are not recoverable against the plan, they may be recovered against a fiduciary who is found to have breached his fiduciary duties in a particularly flagrant manner.

In *Dependahl v. Falstaff Brewing Corp.,* 653 F.2d 1208 (8th Cir.1981), the Court recognized the non-uniformity of judicial opinion on this issue. However, the Court found that punitives were not appropriate in that case under either 29 U.S.C. § 1132(a) or § 1140. The Court said that to the extent that the defendant-controlling shareholder intentionally interfered with plaintiffs' benefit plans, then plaintiffs are entitled to actual damages:

> There is simply no reason to use punitive damages as an additional deterrent to breach of the employee benefit plan by Falstaff. (Citations omitted).

As noted below, attorney fees and interest are available under ERISA to compensate the former executives for any financial loss they have suffered from the litigation. *Dependahl, supra,* at 1217.

■ This statement of law is consistent with one of the underlying policies of contract law, to-wit: a person subject to a breach of contract should be compensated to the extent of his loss.

■ Finally, plaintiffs in the instant case made insufficient allegations in their Complaint to entitle them to an award for punitive damages. Plaintiffs state that defendant acted in "deliberate bad faith ... to enrich itself unjustly." Complaint, pg. 4. There are no specific allegations as to the willfulness or maliciousness of defendant. R.Civ.P. 9(b) requires that special damages shall be specifically stated. Plaintiff has not done so here.

In fact, *Eaton v. D'Amato, supra,* relied upon by plaintiffs, held that the breach of duty must be sufficiently willful, malicious, or outrageous to warrant an assessment of punitives. Allegations to that effect were not made here, and plaintiffs suggest nothing indicating that they could prove such conduct.

In conclusion, the Court finds that: 1) ERISA § 502 could have specifically authorized an award for punitive damages, but did not; 2) the majority of cases considering this issue have denied punitive damages; 3) punitive damages are generally not awarded in breach of labor contract cases, *Hotel and Restaurant Employees and Bartenders Int'l Union, AFL–CIO v. Michelson's Food Services, Inc.,* 545 F.2d 1248 (9th Cir.1976); and 4) the allegations set forth by plaintiffs in their Complaint are insufficient to award punitive damages in this case.

For the reasons set forth above, defendants' Motion to Strike Plaintiff's Demand for a Jury and Punitive Damages is hereby granted.

IT IS SO ORDERED.