Eleanor GILLIKEN, on her own behalf and as executrix of the estate of Ellis G. Gilliken, Plaintiff,

v.

William G. HUGHES; Administrator of the Marine Division Pension Plan of the International Union of Operating Engineers, Local 25, Marine Division, and the Joint Board of Trustees of the International Union of Operating Engineers, Local 25, Marine Division Pension Plan, Defendants.

Civ. A. No. 85–85–JLL.

United States District Court,
D. Delaware.

May 10, 1985.

Arthur Inden, and Barry M. Willoughby, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for plaintiff.

David H. Williams, and Barbara D. Crowell, of Morris, James, Hitchens & Williams, Wilmington, Del., and Harriet E. Cooperman, of Kaplan, Heyman, Greenberg, Engelman & Belgrad, Baltimore, Md., of counsel, for defendants.

LATCHUM, Senior District Judge.

The plaintiff has brought this suit under section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1132, seeking benefits allegedly accrued by her late husband during his years as an employee of various parties to a collective bargaining agreement that apparently provided an employee benefit plan for members of the union in which the plaintiff claims her husband held membership. (*See* Docket Item ["D.I."] 1.) The case is now before the Court on the defendants' motions to strike the plaintiff's demand for a jury trial[1] (D.I. 7), and to dismiss the plaintiff's claim for punitive damages[2] (D.I. 8). For the reasons stated herein, the motion to strike the demand for a jury trial will be granted and the motion to dismiss the claim for punitive damages will be denied.

### I. *The Motion to Strike the Demand for a Jury Trial*

The section of ERISA on which the plaintiff relies provides for, *inter alia*, private enforcement of the Act through civil actions brought by participants in, or beneficiaries of, an employee benefit plan. 29 U.S.C. § 1132. Whether trial can be to a jury in such an action is a question that has generated conflicting authority. *See* Note, *The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA*, 96 Harv.L.Rev. 737 (1983). In what appears to be the first reported case addressing the question, *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F.Supp. 745 (1977), the United States District Court for the Eastern District of Michigan held that jury trial is available because section 502 of ERISA sets forth, in the alternative, two remedies,[3] only one of which provides explicitly for equitable relief, § 502(a)(3); therefore, to avoid rendering superfluous the other remedy, § 502(a)(1)(B), the court reasoned that the other remedy must have been intended by Congress to be legal in nature and thus determinable by jury trial. *Id.* at 746–47.

That reasoning was rejected by the United States Court of Appeals for the Seventh Circuit in *Wardle v. Central States, South-*

---

1. The motion is made pursuant to Fed.R.Civ.P. 39(a).

2. Though styled as a "motion to strike the plaintiff's request for punitive damages" (D.I. 8), the Court believes this is more properly thought of and expressed as a type of motion to dismiss under Fed.R.Civ.P. 12(b)(6); *cf. Miner v. International Typographical Union Negotiated Pension Plan*, 601 F.Supp. 1390, 1391 (D.Colo.1985). *But cf. Diano v. Central States, Southeast and*

*Southwest Areas Health and Welfare and Pension Funds*, 551 F.Supp. 861, 862 (N.D.Ohio 1982).

3. This characterization from *Stamps* of the remedial provisions of section 502 is somewhat misleading because the section actually provides for more than two types of remedies. *See* 29 U.S.C. §§ 1132(a)(1)(A); (a)(2).

*east and Southwest Areas Pension Fund,* 627 F.2d 820 (1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). The court in that case decided that the remedy provided in subsection 502(a)(1)(B) need not be regarded as legal to avoid superfluity because even if 502(a)(1)(B) and 502(a)(3) both provided solely for equitable relief, they would still have to be in separate subsections as a consequence of their differing jurisdictional provisions, the former allowing for concurrent state and federal jurisdiction, the latter vesting jurisdiction exclusively in the federal courts.[4] *Wardle,* 627 F.2d at 828–29. The court went on to make its own interpretation of congressional intent on the right to jury trial in ERISA suits and concluded,

> that Congress' silence ... reflects an intention that suits for pension benefits by disappointed applicants are equitable. Such suits under the law of trusts have existed for quite a while in state courts ... [and] have been considered equitable in character.... Thus the most reasonable interpretation is that Congress intended to provide general federal jurisdiction over these equitable suits that had traditionally been brought in state courts.

*Id.* at 829.

Two other federal courts of appeals, the Fifth and Eighth Circuits, have adopted the reasoning of the Seventh Circuit. *See In re Vorpahl,* 695 F.2d 318, 320–21 (8th Cir. 1982); *Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir.1980). The Fifth Circuit precedent binds the Eleventh Circuit as well. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981); *Zittrouer v. Uarco Inc. Group Benefit Plan,* 582 F.Supp. 1471, 1478 (N.D.Ga.1984).

The United States Court of Appeals for the Second Circuit has also spoken on this issue but has sent confusing signals. First, it affirmed without opinion a case from the United States District Court for the Southern District of New York which had stated as dictum that whether a plaintiff is entitled to additional monies from a benefit plan is a legal question to be submitted to a jury. *Pollock v. Castrovinci,* 476 F.Supp. 606, 609 (1979), *aff'd mem.,* 622 F.2d 575 (2 Cir.1980). But then last year it explicitly rejected that conclusion of the district court's. *Katsaros v. Cody* (2 Cir.), 744 F.2d 270, 278–79, *cert. denied sub nom.* —— U.S. ——, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984). And yet in the same opinion, the court made the contradictory statement that "the plaintiffs seek equitable relief in the form of removal and restitution as distinguished from damages for wrongdoing or non-payment of benefits[,]" *id.* at 278, indicating that someone seeking additional monies from a benefit plan may indeed have a legal claim and a right to a jury trial in the Second Circuit.

The only other federal appeals court to deal with the jury trial question, albeit in a somewhat oblique manner, is the Ninth Circuit. In *Blau v. Del. Monte Corp.,* 748 F.2d 1348 (1984), that court noted that the plaintiffs' ERISA claim for wrongful denial of benefits preempted their six common law theories of liability, *id.* at 1356, and, in addressing the trial judges' decision to strike the plaintiffs' demand for a jury trial, the court stated the decision would be reversed upon a showing of abuse of discretion. *Id.* at 1357. But it made that statement without any discussion of or citation to the conflicting decisional law on the right to jury trial in ERISA cases.

---

**4.** The court in *Wardle* noted a second reason for disagreeing with the *Stamps* opinion. *Stamps* included a quotation from the legislative history of ERISA to the effect that ERISA actions are to be considered as arising under the laws of the United States in a manner similar to actions brought pursuant to section 301 of the Labor-Management Relations Act of 1947; from this the *Stamps* court concluded that the case law developed under the latter act should guide the

development of ERISA case law. *Stamps,* 431 F.Supp. at 747. But the *Wardle* court called that conclusion "flawed," stating that "[t]he quoted statement merely indicates Congress' intent that federal courts should create federal common law in civil actions under § 502(a)(1)(B) of ERISA," the same way the courts have created common law under section 301 of the Labor-Management Relations Act. *Wardle,* 627 F.2d 820, 829 (1980).

The opinions issuing from federal appellate courts are not the only ones in conflict on this question. As already noted, the federal district courts for the Southern District of New York and the Eastern District of Michigan have ruled that subsection 502(a)(1)(B) does provide for trial to a jury. *See Paladino v. Taxicab Industry Pension Fund*, 588 F.Supp. 37, 39–41 (S.D.N.Y. 1984); *Pollock v. Castrovinci*, 476 F.Supp. 606, 609 (S.D.N.Y.1979), *aff'd mem.*, 622 F.2d 575 (2d Cir.1980); *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F.Supp. 745, 746–47 (E.D.Mich.1977). The Northern District of Illinois has held that when an ERISA claim is based on an unconditional and immediate obligation to pay certain amounts, then the claim is legal and a jury demand proper. *Ovitz v. Jeffries & Company, Inc.*, 553 F.Supp. 300, 301 (1982). In contrast, the Northern and Southern Districts of Ohio, the Eastern and Western Districts of Pennsylvania, and the Western District of Michigan, although not bound by any precedent of their own courts of appeals, have followed the reasoning of the majority of the circuit courts and held that jury trials are not available in suits under section 502. *Cowden v. Montgomery County Society for Cancer Control*, 591 F.Supp. 740, 746–47 (S.D.Ohio 1984); *Foulke v. Bethlehem 1980 Salaried Pension Plan*, 565 F.Supp. 882, 883 (E.D.Pa. 1983); *Diano v. Central States, Southeast and Southwest Areas Health and Welfare and Pension Funds*, 551 F.Supp. 861, 861–63 (N.D.Ohio 1982); *Gavalik v. Continental Can Co.*, No. 81–1519, slip op. at 2–3 (W.D.Pa. Sept. 17, 1982); *Hiebel v. Pension Fund, Central States, Southeast and Southwest Areas*, No. M79–53 CA2 (W.D. Mich.1980) (*see* discussion of case in *Diano, supra*, 551 F.Supp at 861–62). The District of Maryland and the District of Alaska have indicated that they too are disposed to that point of view. *Dameron v. Sinai Hospital of Baltimore, Inc.*, 595 F.Supp. 1404, 1415–16 (D.Md.1984); *Burud v. Acme Electric Co., Inc.*, 591 F.Supp. 238, 248 n. 9 (D.Alaska 1984).

■ Having considered the cases on both sides of the issue, this Court concludes that the better reasoned and greater weight of precedent calls for striking the demand for a jury trial. To reach that conclusion, the Court need not decide that Congress intended that there be no jury trials under section 502; it is sufficient to hold that no congressional intent is discernible. That being the case, the only other possible source of a right to a jury trial is the Seventh Amendment to the United States Constitution.

The Supreme Court has explained that the Seventh Amendment "requires trial by jury in actions unheard of at common law, provided that the action involves rights and remedies of the sort traditionally enforced in an action at law, rather than in an action in equity or admiralty." *Pernell v. Southall Realty*, 416 U.S. 363, 375, 94 S.Ct. 1723, 1729, 40 L.Ed.2d 198 (1974). Looking at the character of ERISA actions by individuals seeking employee benefits, this Court concludes, as did the Seventh Circuit, that they are in the nature of equitable suits formerly brought under the law of trusts. *See Wardle, supra*, 627 F.2d at 829. *Accord In re Vorpahl*, 695 F.2d 318, 322 (8th Cir. 1982). Consequently, the Seventh Amendment does not provide a right to a jury trial and the plaintiff's demand will accordingly be stricken.

## II. The Motion to Dismiss the Request for Punitive Damages

A motion to dismiss cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). "Moreover, it is well established that, in passing on a motion to dismiss, ... the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). This stringent standard governs the Court's consideration of the substantive issue presented by the defendants' motion.

As with the question of the availability of jury trials under ERISA, the question of

the allowability of punitive damages under the Act has generated judicial opinions which are not entirely consistent with one another. Nevertheless, there seems to be developing a thread of consensus from the disparate ERISA decisions announced to date. That consensus centers on the distinction between suits seeking relief from a fiduciary's wilful, malicious, wanton, or oppressive breach of duty and suits seeking relief from a fiduciary's decisions that, though disappointing to a claimant and perhaps demonstrably wrong, do not amount to an egregious breach of duty.

In *Russell v. Massachusetts Mutual Life Insurance*, 722 F.2d 482 (1983), the Ninth Circuit held that "under appropriate circumstances" ERISA does authorize the award of punitive damages. *Id.* at 491. The court described those appropriate circumstances as ones in which "the fiduciary, in carrying out its duties and responsibilities under the Act, acted with actual malice or wanton indifference to the rights of a participant or beneficiary." *Id.* at 492. The court in a later case specified section 502(a)(2) of the Act as the section under which such an award could be made, noting it in contradistinction to the provisions for compensatory damages under section 502(a)(1)(B). *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1501 (9th Cir.1985).

The Eighth Circuit had taken the position that punitive damages were not available in ERISA suits, *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1216, *cert. denied*, 454 U.S. 968, 102 S.Ct. 512, 70 L.Ed.2d 384 (1981), but later held that an ERISA fiduciary's fraudulent activity warranted the imposition of substantial punitive damages. *Monson v. Century Mfg. Co.*, 739 F.2d 1293, 1305 (8th Cir.1984).

The United States District Court for the District of Colorado has recently reviewed twelve ERISA cases from other federal district courts and concluded that "[w]here a plan fiduciary fails to perform mandated statutory functions, no punitive damages are allowed[;] [h]owever, in actions against a fiduciary for breach of its fiduciary duties, exemplary damages have not been

foreclosed." *Miner v. International Typographical Union Negotiated Pension Plan*, 601 F.Supp. 1390, 1392 (D.Colo.1985). *But see Whitaker v. Texaco, Inc.*, 566 F.Supp. 745, 751 (N.D.Ga.1983).

This Court agrees with that description of the state of the case law on this issue, and it adopts the distinction drawn: while not generally available in section 502 actions, punitive damages may be imposed if a plaintiff proves that there has been a wilful, malicious, wanton, or oppressive breach of fiduciary duty.

In this case, however, it is as yet impossible to determine whether such an imposition is warranted. Based on the sketchy record presently before the Court, it cannot be said that the plaintiff can prove no set of facts which would prompt an award of punitive damages, and thus the defendants' motion to dismiss that claim is premature and must be denied.

An order will entered in accordance with this memorandum opinion.