William L. SMITH, et al., Plaintiffs,

v.

ABS INDUSTRIES, INC., et al., Defendants.

Civ. A. No. C85–3180.

United States District Court, N.D. Ohio, E.D.

June 9, 1986.

As Amended June 30, 1986.

Melvin S. Schwarzwald, Mark A. Rock, Schwarzwald, Robiner, Wolf & Rock, Cleveland, Ohio, for plaintiffs.

Carey S. Sheldon, Sheldon and Andrews, Ashtabula, Ohio, James M. Miles, Haynsworth, Baldwin, Miles, Johnson, Greaves & Edwards, Greenville, S.C., Gerald A. Messerman, Messerman & Messerman, Cleveland, Ohio, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

This action is brought by former employees of the defendants[1] to establish their rights to medical and life insurance after retirement. These benefits were terminated for all retirees upon the shutdown on October 29, 1982 of the plant in which plaintiffs worked. The plaintiffs, who seek to represent classes of retirees and their eligible dependents, allege that their medical and life insurance benefits have been terminated in violation of two collective bargaining agreements and a "Hospital Medical Plan," stating causes of action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1982) ("§ 301") and § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (1982) ("§ 502(a)(1)(B)"). They also allege that the defendants have breached a fiduciary duty owed to plaintiffs under § 404 and § 409 of ERISA, § 29 U.S.C. §§ 1104, 1109 (1982) ("§ 404" and "§ 409"), and they request that additional "continuous service" be credited before determining eligibility under the Hospital Medical Plan if the shutdown of the plant is found to be an unfair labor practice in an administrative action initiated by the National Labor Relations Board ("NLRB").

Defendants submit nine motions to dismiss this action in whole or in part.[2] In this posture of the case, the allegations of the complaint must be taken as true and be construed in favor of the plaintiff. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976). The complaint or any of its claims can be dismissed only if the plaintiffs can prove no set of facts which would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The Court has reviewed each motion to dismiss with reference to the face of the complaint, declining to treat the motions as summary judgment motions by considering matters outside of the plead-

---

1. The Court does not decide at this time which defendants were the plaintiffs' "employers" as defined by the relevant labor statutes.

2. Defendants move to dismiss defendant Ashtabula Forge, A Division of ABS Industries from this action. They seek to dismiss § 301 claims raised by plaintiffs who were represented by the United Steelworkers of America ("the union") at the time the plant was closed on grounds of primary jurisdiction of the NLRB, failure to exhaust administrative remedies, *res judicata,* and statute of limitations. Defendants move to dismiss all ERISA claims for failure to exhaust available remedies, and to dismiss plaintiffs Brown and Haytcher for failure to state a claim. Finally, they seek to strike requests for a jury trial and for punitive and extracontractual compensatory damages.

ings. Fed.R.Civ.P. 12(c). It denies the defendants' motions to strike the demand for jury trial and to strike the prayer for extra-contractual and punitive damages, although it limits the scope of these requests. The remaining motions are denied without prejudice to their reassertion as summary judgment motions at a later phase of this litigation, except that the Court rejects on the merits defendants' argument that some plaintiffs' § 301 claims are barred by a six-month statute of limitations.

## I.

Defendants argue that those plaintiffs who assert ERISA claims are not entitled to a trial by jury, citing this Court's decision in *Diano v. Central States,* 551 F.Supp. 861, 862-63 (N.D.Ohio 1982). In *Diano,* plaintiffs sued for specific performance by the trustee of defendant pension funds, requesting payment of benefits owed under the pension plan. This Court relied heavily on *Wardle v. Central States,* 627 F.2d 820 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981), in holding that plaintiffs were not entitled to a jury trial on their ERISA claims.

The Sixth Circuit Court of Appeals recently faced the issue of whether jury trial is available in ERISA cases in an action in which the plaintiff sought to recover contributions to an employee benefit plan. The court surveyed the precedent on this issue:

> While one of the first courts to consider this issue found that there was a right to a jury trial in an action for benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), *Stamps v. Michigan Teamsters Joint Council No. 43,* 431 F.Supp. 745 (E.D. Mich.1977), most courts have rejected this view and followed *Wardle v. Central States,* 627 F.2d 820, 829-30 (7th Cir.1980), finding no right to a jury trial under ERISA, *Turner v. CF & I Steel Corp.,* 770 F.2d 43 (3d Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *Berry v. Ciba-Geigy Corp.,* 761 F.2d 1003 (4th Cir.1985);

> *Blau v. Del Monte Corp.,* 748 F.2d 1348, 1357 (9th Cir.1984), *cert. denied,* — U.S. —, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *Bugher v. Feightner,* 722 F.2d 1356, 1359 (7th Cir.1983), *cert. denied,* 469 U.S. 822, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984); *In re Vorpahl,* 695 F.2d 318, 321 (8th Cir.1982); *Calamia v. Spivey,* 632 F.2d 1235, 1236-37 (5th Cir.1980); *Strout v. GTE Products Corp.,* 618 F.Supp. 444, 445 (D.Me.1985); *Gilliken v. Hughes,* 609 F.Supp. 178, 181 (D.Del.1985); *Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 430-31 (E.D.Mo.1985); *The Sixty-Five Security Plan v. Blue Cross and Blue Shield of Greater New York,* 583 F.Supp. 380, 389 (S.D.N.Y.1984); *Cowden v. Montgomery County Society for Cancer Control,* 591 F.Supp. 740, 746-47 (S.D.Ohio 1984). *But see Paladino v. Taxicab Industry Pension Fund,* 588 F.Supp. 37, 38 (S.D.N.Y.1984); *Pollock v. Castrovinci,* 476 F.Supp. 606, 609 (S.D.N.Y.1979), *aff'd,* 622 F.2d 575 (2d Cir.1980). These cases have limited applicability in light of the fact that Crews' action is not a traditional ERISA action within the parameters of 29 U.S.C. § 1132.

*Crews v. Central States,* 788 F.2d 332, 338 (6th Cir.1986). Since the court did not find the cases which it cited sufficiently analogous to the dispute before it, the court analyzed the dispute to determine whether it would traditionally be rectified by a legal or equitable remedy. Deciding that the action was best characterized as a suit for restitution seeking an equitable remedy, the court held that the plaintiff was not wrongly denied a jury trial. *Id.* at 338.

The *Crews* court cited *Bugher v. Feightner,* 722 F.2d 1356 (7th Cir.1983), *cert. denied,* 469 U.S. 822, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984), for the proposition that an action must be determined to be legal or equitable in order to decide a plaintiff's right to jury trial. *Crews,* 788 F.2d at 338. In *Bugher,* trustees of union trust funds sought contributions allegedly owed under a collective

bargaining agreement under § 502 of ERISA and § 301(a). The defendant requested a jury trial, arguing that the dispute implicated a breach of contract claim traditionally enforced in an action at law and guaranteeing a constitutional right to trial by jury under *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). The Seventh Circuit agreed that delinquency actions brought by plan trustees were breach of contract actions, permitting a jury demand for the § 301 claim. *Bugher*, 722 F.2d at 1358. Although the court conceded that § 502(a)(3) by its own terms authorizes only equitable actions, *id.*, it concluded that the § 301 claim was a permissible supplement to the ERISA claim, thus entitling the appellant to a jury trial. *Id.* at 1360. The Seventh Circuit distinguished its earlier *Wardle* decision as involving a traditionally equitable claim. *Id.*

It is clear, then, that this Court is required to determine the nature of the plaintiffs' claims in order to decide whether jury trial is appropriate, particularly because this suit "is not a traditional ERISA action within the parameters of 29 U.S.C. § 1132." *Crews*, 788 F.2d at 338. Another district court recently confronted a motion to strike a jury demand in an action for reinstatement of retirees' hospital benefits and did not find *Wardle* controlling with regard to all of the ERISA claims before it. In *Bower v. Bunker Hill Company*, 114 F.R.D. 587 (E.D.Wash.1986), the court analyzed the characterization of ERISA actions as "equitable," rather than "legal." It accepted the *Wardle* court's characterization of ERISA claims for breach of fiduciary duty as equitable in nature, thus finding jury trial inappropriate for § 409 claims brought under § 502(a)(2).[3] *Bower*, at 597. However, the court distinguished from claims for breach of fiduciary duty claims arising under § 502(a)(1)(B):

Plaintiffs style their claim for damages as a breach of contract action arising under § 301 of the LMRA or presumably under § 502(a)(1)(B) ... of ERISA. They assert that breach of contract claims are traditionally legal and thus the Seventh Amendment guarantees them the right to a jury trial of this issue. I agree. Section 301 of the LMRA provides that an employee may bring an action for damages against an employer for breach of a collective bargaining agreement. *Rehmar v. Smith*, 555 F.2d 1362 (9th Cir.1976). Similarly, § 502(a)(1)(B) of ERISA provides that a beneficiary may bring an action for redress of violations of the terms of the plan. A suit for breach of contract seeking damages was traditionally an action at law and thus triable to a jury under the Seventh Amendment. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 [82 S.Ct. 894, 8 L.Ed.2d 44] (1962). Thus, the plaintiffs have a right to a jury determination of not only whether the contract has been breached and the extent of damages if any, but also just what the contract is. *Id.* at 479 [82 S.Ct. at 900].

At 597–98. The court also distinguished the factual situation presented in *Wardle* (and *Diano*)—actions to enforce payment of pension benefits—from the issue of whether a contract provides for vested benefits. Citing *International Union, United Automobile, Aerospace & Agricultural Implement Workers v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir.1983), *cert. denied*, 464 U.S. 1007, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984), the court stated that the latter type of dispute had been resolved by the application of traditional contract principles. At 598.

This Court finds the reasoning of *Bower* to be sound. Accordingly, the breach of contract claims raised under § 301 and § 502(a)(1)(B) will be tried to a jury to determine both liability and damages. The claim for breach of fiduciary duties under

---

**3.** The characterization of § 409 claims as equitable is consistent with the Supreme Court's holding that extracontractual damages are not available under § 502(a)(2) suits in *Massachu-*

*setts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). *See infra* at 99.

§ 409 and § 502(a)(2) will be tried to the Court following the resolution of the breach of contract claims.

## II.

Defendants also seek to dismiss portions of the plaintiffs' prayer for relief. They assert that extracontractual damages, such as damages for pain and suffering, and punitive damages, are not available under ERISA or § 301. Further, they argue that any recovery of damages must be for the plan as a whole, rather than for individual beneficiaries.

■ Defendants rely on *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) in support of their argument that ERISA precludes extracontractual and punitive damages. In *Russell,* the Supreme Court held that Congress did not provide for extracontractual damages to be paid to beneficiaries successfully prosecuting a § 409 claim for breach of fiduciary duty under ERISA. 105 S.Ct. at 3094.[4] The Court also established that recovery for § 409 violations must be disbursed to the plan, rather than to individual beneficiaries. *Id.* at 3089. Despite the Court's pronouncement that "[t]he six carefully-integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly," *id.* at 3093, the Court specifically noted that *Russell* does not decide whether extracontractual damages are available under ERISA civil enforcement provisions other than § 502(a)(2), which sanctions civil actions for § 409 violations. Thus, *Russell* concludes that extracontractual and punitive damages are not available for violations of § 409, but it does not determine whether these damages will be precluded with respect to the plaintiffs' other ERISA claims.

■ Defendants argue that this Court's decision in *Diano,* 551 F.Supp. at 861, requires that the demand for punitive damages be stricken. This Court summarized:

In conclusion, the Court finds that: 1) ERISA § 502 could have specifically authorized an award for punitive damages, but did not; 2) the majority of cases considering this issue have denied punitive damages; 3) punitive damages are generally not awarded in breach of labor contract cases, *Hotel and Restaurant Employees and Bartenders Int'l Union, AFL–CIO v. Michelson's Food Services, Inc.,* 545 F.2d 1248 (9th Cir.1976); and 4) the allegations set forth by plaintiffs in their Complaint are insufficient to award punitive damages in this case.

*Id.* at 864. In this case, however, plaintiffs have alleged that the violation of the Hospital Medical Plan which is actionable under § 502(a)(1)(B) is "willful." Complaint at ¶ 42. The allegations are therefore sufficient to state a claim for punitive damages, presenting a situation distinguishable from *Diano.*

■ In *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Federal Forge, Inc.,* 583 F.Supp. 1350 (W.D. Mich.1984), a district court within the Sixth Circuit refused to dismiss claims for damages for mental distress in an action by retired employees to recover health benefits terminated in connection with the closing of a plant. The Court stated that dismissal of claims for mental distress damages under §§ 502(a)(1)(B) and (a)(3) would be inappropriate:

[T]here appear to be no published cases addressing the issue of mental distress damages under [§§ 502(a)(1) and (a)(3) ] of ERISA. Cases discussing punitive damages have reached differing conclusions. *See, e.g., Dependahl v. Falstaff Brewing Corporation,* 653 F.2d 1208 (CA 8 1981) *cert. den.,* 454 U.S. 968 [102 S.Ct. 512, 70 L.Ed.2d 384] ... (1981); *Calhoun v. Falstaff Brewing Corpora-*

---

**4.** Although the holding as stated by the Court mentioned only extracontractual damages, the

result of the case clearly reached punitive damages under § 409 as well. *See* 105 S.Ct. at 3087.

*tion,* 478 F.Supp. 357 (E.D.Mo.1979); *Bittner v. Sadoff & Rudoy Industries,* 490 F.Supp. 534 (E.D.Wis.1980).

The court in *Bittner, supra* at 536, stated the following regarding remedies available under the Act:

> Congress intended to provide "the full range of legal and equitable remedies available in both state and federal courts" to those persons who have been injured by those practices made unlawful by ERISA. H.R. No. 93–533, 1974 U.S.Code Congressional and Administrative News, Vol. 3 at 4639, 4655. Plaintiff's damage claims, while perhaps overly optimistic, are not so removed from what he plausibly could be awarded were he to prevail on the merits as to require that the claims be stricken. This conclusion goes for Plaintiff's claim for punitive damages as well.

This reasoning is equally applicable herein. Damages for mental distress should be available for Plaintiffs under § 502 of ERISA, dependent, of course, upon the presentation of adequate proofs on this issue.

*Id.* at 1356–57. This Court will follow the *Federal Forge* court and will not dismiss the plaintiffs' prayers for extracontractual and punitive damages under §§ 502(a)(1)(B) and (a)(3) of ERISA. *But see Light v. Blue Cross and Blue Shield of Alabama, Inc.,* 616 F.Supp. 558, 562 (S.D. Miss.1985) (citing *Bittner* for the proposition that ERISA confers no right to sue for mental distress); *Cowden v. Montgomery County Society for Cancer Control,* 591 F.Supp. 740, 752–53 (S.D.Ohio 1984) (punitive damages not recoverable under §§ 502(a)(1)(B) and (a)(3) for alleged breach of reporting and disclosure requirements and for prohibited discrimination against plaintiff); *cf. Powell v. Chesapeake and Potomac Telephone Co. of Virginia,* 780 F.2d 419, 424 (4th Cir.1985), *pet denied,* —— U.S. ——, 106 S.Ct. 2892, 90 L.Ed.2d 980 (1986) (§ 502(a)(3)'s provision for "other appropriate equitable relief" does not authorize extracontractual or punitive damages for the plan administrator's breach of fiduciary duties under ERISA).

■ Although this Court has recognized that punitive damages are generally not available in breach of labor contract cases, *Diano,* 551 F.Supp. at 864 (citing *Hotel and Restaurant Employees and Bartenders International Union v. Michelson's Food Service, Inc.,* 545 F.2d 1248 (9th Cir. 1976)), it is also persuaded by the reasoning of *Federal Forge* that damages for emotional distress are available under § 301. That court stated:

> The agreement involved—for the payment of health and vision care insurance premiums by an employer for retirees—is not, in my opinion, akin to the ordinary commercial employment or insurance contract. It deals not with matters obviously of mental concern and solicitude for the retirees: the maintenance of health and vision care insurance during their declining years when they are no longer actively earning an income. As such, I believe it can reasonably be said that matters of mental concern and solicitude were within the contemplation of the parties when executing this agreement.

583 F.Supp. at 1356 (footnote omitted). This Court concurs that plaintiffs are entitled to show that they suffered mental distress if they are able to demonstrate that defendants breached their labor agreements.

To summarize: plaintiffs may show that they are entitled to extracontractual and punitive damages under §§ 502(a)(1)(B) and (a)(3) and to extracontractual damages under § 301. They may not prove punitive or extracontractual damages under § 502(a)(2) or punitive damages under § 301. With these restrictions in mind, the Court denies the defendants' motion to dismiss ¶¶ (d)–(j) of the prayer for relief in the complaint.

### III.

■ Defendants claim that the § 301 causes of action brought by plaintiffs who were represented by the union at the time of the plant shutdown are barred by the

statute of limitations. They urge that a "hybrid action" against the union as well as the company is implicated because the union bargained about hospitalization benefits at the time of the closing. Such hybrid actions must be brought within six months of the alleged wrong. *Del Costello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

A similar contention was rejected in *Adams v. Gould, Inc.,* 739 F.2d 858 (3d Cir. 1984). Plaintiffs in *Adams* sought contributions to a pension plan through a § 301 hybrid action. The court noted that the *Del Costello* decision was motivated by a desire for a uniform statute of limitations for § 301 actions, and that a short limitations period was justified by the need to solve labor disputes quickly to preserve labor peace. *Id.* at 866. However, the court reasoned that another limitations period was arguably more appropriate in ERISA cases brought under § 301. It concluded:

> Our reading of *Del Costello* is that it does not preclude the use of a different federal statutory period where the policies underlying the adopting of a six-month period in that case are inapplicable. We believe that this is such a case. The primary holding of *Del Costello* is that, in [hybrid § 301] suits, a uniform federal standard, rather than a "borrowed" state limitations period, is appropriate. The application of the six-month period provided by section 10(b) was based on the assumption that [hybrid § 301] suits would involve issued [sic] relevant to day-to-day labor-management relations. We believe that there is a distinction between the implication of delay in resolving disputes over pension contribution issues and the implications of delay in resolving disputes over terms of a collective bargaining agreement that affect the day-to-day operations of a business. We also believe that this distinction justifies the use of a different limitations period. Accordingly, we hold that the three-year ERISA statute of limitations applies to this suit, in spite of the fact that the vested employees' suit against Gould's is predicated on a breach of the duty of fair representation by the Union rather than on a breach of a fiduciary duty by a pension fund trustee. Thus, the suit is not time-barred.

*Id.* at 867 (footnote omitted).

There are no reported cases which reject the reasoning of the *Adams* court. *See United Independent Flight Officers v. United Air Lines,* 756 F.2d 1262 (7th Cir. 1985) (distinguishing from *Adams* a case involving negotiation and implementation of a plan covered by ERISA); *Local Union 1397 v. United Steelworkers of America,* 748 F.2d 180, 185 (3d Cir.1984) (distinguishing *Adams* on the facts, but agreeing with its analysis). This Court is persuaded by *Adams* and finds that a three-year statute of limitations is applicable. Accordingly, these § 301 actions appear to be timely, and defendants' motion to dismiss on statute of limitations grounds is denied.

## IV.

The Court will permit trial by jury of all of plaintiffs' claims except those arising under § 502(a)(2). Plaintiffs will also be permitted to seek extracontractual and punitive damages under all claims, excepting that extracontractual and punitive damages cannot be recovered for § 502(a)(2) claims, nor can punitive damages be sought under § 301. Defendants' motion to dismiss the prayers for extracontractual and punitive damages and to strike the jury demand are denied subject to the exceptions explained above. All other motions to dismiss are denied without prejudice to reasserting them at a later point in the proceedings, except that the Court will not reconsider arguments that the § 301 claims of plaintiffs represented by the union are barred by a six-month statute of limitations.

IT IS SO ORDERED.