Joseph **DENNIS**, Jr., et al., Plaintiffs,

v.

The **SAWBROOK STEEL CASTINGS COMPANY**, et al., Defendants.

No. C–1–89–487.

United States District Court,
S.D. Ohio, W.D.

Feb. 5, 1991.

Sawbrook Pension Plan for Hourly Workers (Plan) to allow reversion of excess funds to revert to Sawbrook upon termination of the plan. Plaintiffs further allege that the plan was terminated on or about September 29, 1985, and certain assets reverted to Sawbrook. The plaintiffs claim: (1) that these actions violate the terms of the plan by reverting assets in violation of ERISA, 29 U.S.C. § 1132 (Count I); (2) that these actions constitute a breach of their fiduciary duties under ERISA, 29 U.S.C. §§ 1104–1109 by defendant Trustees of the Sawbrook Pension Plan for Hourly Workers (Count II); (3) that defendants are equitably estopped from retaining any reverted assets under the federal common law of ERISA (Count III); and (4) that the reversion constituted a breach of a collective bargaining agreement under Section 301 of the Labor–Management Relations Act (LMRA) (Count IV). Also, the plaintiffs have requested a trial by jury.

The defendants now move this Court to dismiss the following claims for the following reasons: (1) Plaintiffs' counts I through IV as untimely filed; (2) Plaintiffs' counts I through IV for failure to exhaust existing administrative remedies; (3) Plaintiffs' count III for failure to state a claim upon which relief may be granted; (4) Plaintiff Mays' count IV for lack of standing to assert rights under the collective bargaining agreement; and (5) Plaintiffs' demand for a jury trial as unsupported by the allegations. The Plaintiffs respond as follows: (1) Counts I through IV were timely filed; (2) Plaintiffs exhausted any administrative remedies available for counts I through III and plaintiffs were not required to exhaust administrative remedies for count IV because such efforts would have proved futile; (3) Equitable estoppel is a viable federal common law cause of action under ERISA; (4) Plaintiff May has standing to sue as a third-party beneficiary of the 1984 collective bargaining agreement; and (5) Plaintiffs' claims are legal in nature and entitle plaintiff to a trial by jury.

Because the defendants have attached affidavits and exhibits to their motion to dismiss this action, their motion

David M. Cook, Kircher & Phalen, Cincinnati, Ohio and William T. Payne, Schwartz, Steinsapir, Dohrmann & Sommers, Los Angeles, Cal., for plaintiffs.

Harold Sol Freeman, Dinsmore & Shohl, Cincinnati, Ohio, for defendants.

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

SPIEGEL, District Judge.

This matter is before this Court on defendants' motion to dismiss (doc. 3). Plaintiffs have responded in opposition to this motion (doc. 5), and defendants have replied (doc. 7).

The plaintiffs brought this action alleging that defendant Sawbrook Steel Castings Company (Sawbrook) amended the

must be treated as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b) and (c), and disposed of in the manner prescribed by Fed.R.Civ.P. 56. In considering a motion for summary judgment, the narrow question we must decide is whether there are "no genuine issues as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). And, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id.* (quoting Fed. R.Civ.P. 56(c)). Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* We are further guided by the Supreme Court's recent elaboration of this standard in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) as follows:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial....

477 U.S. at 322, 106 S.Ct. at 2552.

## TIMELINESS

Neither ERISA nor section 301 of the Labor–Management Relations Act contains a statute of limitations. The Court must, therefore, look to the most analogous statute of limitations for the appropriate time limit in this case. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Courts have looked to both federal and state law for the source of this analogous statute of limitations. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) and *Del Costello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

The defendants first argue that count IV is time-barred by section 10(b) of the National Labor Relations Act, citing *Del Costello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *Del Costello*, the United States Supreme Court applied the six-month statute of limitations period provided in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) to hybrid section 301/fair representation claims against the employer and the union. However, the Court limited its decision to that particular situation stating:

We stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. On the contrary, as the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods.

*Id.* at 170, 103 S.Ct. at 172 (citation omitted). Further, the Court distinguished rather than overruled *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), in which the Court applied the state contract period of limitations to a union's action for breach of a collective bargaining agreement. In *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210 (6th Cir.1987), the

**556**

United States Court of Appeals for the Sixth Circuit distinguished *Del Costello*, holding instead that, borrowing from Ohio law, either a six-year statute of limitations for actions alleging breach of an oral contract (Ohio Rev.Code § 2305.07) or a fifteen-year statute of limitations for actions alleging breach of a written contract (Ohio Rev.Code § 2305.06) were applicable to a section 301 claim for recovery of early retirement benefits.

█ In the case at bar, count IV of the plaintiffs' complaint alleges that the reversion of plan assets constituted a breach of a collective bargaining agreement under section 301 of the LMRA. As section 301 does not contain a statute of limitations, this Court must apply the most analogous statute of limitations, bearing in mind the Supreme Court's mandate that federal courts should generally turn first to state limitations periods. This Court, then, finds that Ohio's breach of contract limitations periods are most analogous to this claim for breach of a collective bargaining agreement. Admittedly, the latest date alleged in the complaint on which a cause of action accrued was September 29, 1985. The complaint was filed on July 10, 1989. Therefore, this Court need not determine whether to apply Ohio's six-year limitation on actions for breach of an oral contract or the fifteen-year limitation on actions for breach of a written contract as under either statute, count IV of plaintiffs' complaint was timely filed.

The defendants also argue that counts I, II and III of plaintiffs' complaint are barred by 29 U.S.C. § 1113. Section 1113 states:

No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—

(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or

(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C.A. § 1113 (1990 Supp.).

█ Count I of plaintiffs' complaint alleges that defendants violated the terms of the pension plan by reverting assets in violation of ERISA, 29 U.S.C. § 1132. The time limits established by 29 U.S.C. § 1113 are only applicable to claims for breach of fiduciary duty. *Cowden v. Montgomery Co. Soc. for Cancer Control*, 591 F.Supp. 740 (S.D.Ohio 1984). By its own terms, § 1113 is only directly applicable to actions alleging violations of the section entitled fiduciary responsibility, and thus does not control actions alleging violations of other ERISA provisions. *Id.* at 754. As explained above, count I, then, is subject to the limitations of the most closely analogous limitations period available under state or federal law. Since count I alleges a violation of the terms of the pension plan under 29 U.S.C. § 1132, the most analogous statute of limitations is Ohio's statute for breach of contract. As stated above, this Court need not determine whether to apply the six year statute for breach of an oral contract or the fifteen year statute for breach of a written contract as this action was timely filed under either statute.

█ As to count II, the claim that the trustees violated their fiduciary duties under ERISA, 29 U.S.C. § 1113 provides the applicable time limit. Under § 1113, the plaintiffs have six years after the date of the last action which constituted a breach of fiduciary duty, or three years after the date on which the plaintiff knew or should have known of the breach. However, if there is fraud of concealment, the plaintiff has six years from the date of discovery of the breach to commence the action. In the case at bar, plaintiffs claim that they did not possess actual knowledge nor information from which they could reasonably be expected to have obtained knowledge of the allegedly illegal reversion prior to Feb-

ruary 5, 1987 (the date plaintiffs were notified of their pension annuity amounts). The defendants, on the other hand, claim that the plaintiffs were in possession of an application for determination upon termination as of September 16, 1985, which provided sufficient information from which plaintiffs could reasonably be expected to have obtained knowledge of the allegedly illegal reversion. Both sides have provided affidavits to support their claims. The plaintiffs further claim that the defendants were guilty of concealment, and thus the six year limitation is applicable. This action was commenced on July 10, 1989.

It is undisputed that § 1113 provides the applicable statute of limitations for count II of plaintiffs' complaint. However, as set forth above, there are various factual disputes regarding when plaintiffs had actual or constructive knowledge of the alleged violation, and whether the defendants are guilty of concealment. As there are genuine issues of material fact regarding which limitation in § 1113 applies to count II, this issue cannot be resolved at this time.

 Count III of plaintiffs' complaint alleges that defendants are equitably estopped from retaining any reverted assets under the federal common law of ERISA. As discussed above, 29 U.S.C. § 1113 applies only to claims of fiduciary breach. Thus, count III is not governed by § 1113, and this Court must apply the statute of limitations from state or federal law that is most closely analogous to this claim. The statute most closely analogous to this claim for equitable estoppel is again Ohio's statute of limitations for breach of contract. Therefore, count III is not time-barred.

 The defendants also argue that this entire action is barred by the collective bargaining agreement and the equitable doctrine of laches. Article VII, section 3, of the collective bargaining agreement contains a provision for the filing of grievances. Under the collective bargaining agreement, any grievance must be brought within three work days of the conduct complained of. The plaintiffs in this action claim that defendants are estopped from asserting the three-day filing period as a bar to any counts to which the grievance provision is applicable because the defendants concealed the reversion and failed to supply critical information necessary to the formulation of a grievance. Because this is a genuine issue of material fact, this issue cannot be resolved on a motion for summary judgment.

 In determining whether an action is barred by the equitable doctrine of laches, the Court must examine the length of the delay, the reasons for the delay, any detrimental effect the delay may have upon the defendants, and the overall fairness of permitting the claims to proceed. *Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800 (8th Cir.1979); *Turner v. Retirement Plan of Marathon Oil Co.*, 659 F.Supp. 534 (N.D.Ohio 1987). In the case at bar, the length of the delay was approximately three years. There are allegations that the delay was caused by the defendants' own conduct. There is virtually no evidence of any detrimental effects on the defendants, and it would be perfectly just and fair to allow the plaintiffs to proceed with their claims. Therefore, the defendants' motion for summary judgment on the ground that plaintiffs' claims are time-barred is hereby denied.

## EXHAUSTION

Defendants move this Court to dismiss plaintiffs' counts I through IV for failure to exhaust existing administrative remedies. The pension plan in dispute in this case was incorporated into the collective bargaining agreement at Article XII. As such, the defendants claim that it is a proper subject for the grievance and arbitration provisions of the collective bargaining agreement. According to the defendants, then, the plaintiffs must avail themselves of this remedy before they commence this action. Further, the defendants assert that the plaintiffs must also exhaust any internal claims procedures provided in the pension plan itself. This Court does not agree.

 First, counts I through III are not subject to the grievance and arbitration procedures contained in the collective bar-

gaining agreement. Article VII, section 2 of the collective bargaining agreement requires compliance with the grievance/arbitration procedures in that agreement "for any alleged breach of this agreement." Counts I through III state claims for violations of federal law independent of any agreement between the employer and the employees. Thus, the only administrative remedies the plaintiffs are required to exhaust are the pension plan's internal claims procedures.

As to any employee benefit claims procedure, ERISA provides:

> In accordance with the regulations of the Secretary of Labor, every employee benefit plan shall—
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. According to Department of Labor regulations, a grievance/arbitration mechanism in a collective bargaining agreement is a "reasonable" claims procedure if that mechanism is described in the plan's summary plan description as applicable to benefit claims arising under that plan. See 29 C.F.R. 2560.503–1(b)(2). In the case at bar, the plan's summary plan description fails to reference the grievance/arbitration mechanism of the collective bargaining agreement. Therefore, the claims arising under the pension plan are subject only to the plan's internal claims procedure.

The plan's internal claims procedure states:

> *Claims Procedure*
>
> The Trustees of the Plan will establish a procedure so that a member may protest a denial of a claim for benefits. In the event that the Trustees deny the claim of a member or a beneficiary for benefits under the Plan, written notice of this denial will be provided to the member or beneficiary. The written notice will contain the specific reason for the denial of the claim for benefits. The affected member or beneficiary may request a full and fair review by the Trustees of their decision denying the claim within sixty days after receipt of the written notice denying the claims.

In the case at bar, no beneficiary was ever given written notice of a specific denial. Also, there is no evidence before this Court that the Trustees did, in fact, establish a procedure so that a member may protest such a denial. Therefore, it would be unjust to dismiss plaintiffs' claims in this action for failure to exhaust administrative remedies that were never firmly established nor meant to apply to this particular situation.

■ Count IV of plaintiffs' complaint alleges that the reversion constituted a breach of the collective bargaining agreement under § 301 of the LMRA. It is undisputed that section 301 claims for breach of contract are subject to the grievance/arbitration procedures established in the collective bargaining agreement. Under section 301 of the LMRA, exhaustion of contractual remedies is a prerequisite to review by the courts. See, e.g., *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). However, in the case at bar, the plaintiffs allege that the defendants concealed the reversion amendment and the actual reversion of assets. The plaintiffs also allege that the defendants themselves attempted to subvert the grievance/arbitration mechanism by concealing the basis for plaintiffs' complaint. Therefore, there is a genuine issue of material fact as to whether the defendants can now claim that count IV should be dismissed for failure to exhaust administrative remedies. Accordingly, this issue may not be resolved on a motion for summary judgment.

### FAILURE TO STATE A CLAIM

■ Count III of the plaintiffs' complaint alleges that defendants are equitably estopped from retaining any reverted assets under the federal common law of ERISA. While it is true that references to a federal common law surrounding ERISA have been made in order to explain or

elaborate upon the statute, *see Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134, 156, 105 S.Ct. 3085, 3097, 87 L.Ed.2d 96 (1985), this Court finds no reason to create a federal common law which is unnecessary and undesired in view of the extensive coverage available to these particular plaintiffs under both ERISA and the LMRA. In a similar case involving regulation of pension plans, the Court decided that no additional protections were needed where both ERISA and the LMRA are already available, stating, "In light of this dual protection of employee benefit rights, the Court can find no basis for creation of a federal common law to extend beyond the protections afforded employees by Congress under ERISA and the LMRA." *United Electrical, Radio and Machine Workers of America v. Amcast Industrial Corp.*, 634 F.Supp. 1135, 1143 (S.D.Ohio 1986). Further, courts have uniformly rejected plaintiffs' attempts to include equitable estoppel claims under state law in ERISA actions as preempted by 29 U.S.C. § 1144(a). *See, e.g., Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988); *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1984); *United Electrical, Radio and Machine Workers v. Amcast Industrial Corp.*, 634 F.Supp. 1135 (S.D.Ohio 1986).

In the case at bar, the plaintiffs' equitable estoppel claim involves alleged statements by the defendants identical to the language used in the pension plan. As established above, the plaintiffs are protected by both ERISA and the LMRA. Therefore, this Court declines to create a federal common law cause of action for equitable estoppel under these circumstances. Accordingly, count III of plaintiffs' complaint is hereby dismissed for failure to state a claim upon which relief can be granted.

## STANDING

■ The defendants claim that plaintiff Mays lacks standing to sue upon the 1984 collective bargaining agreement because he retired in 1981. However, retirees have standing to sue as third-party beneficiaries of collective bargaining agreements. *See, e.g., International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America v. Yard–Man, Inc.*, 716 F.2d 1476 (6th Cir.1983), *cert. denied*, 465 U.S. 1007, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984). Here, the 1984 contract provided for the continuance of the pension plan in which Mays was a participant. Therefore, Mays is a third-party beneficiary of the 1984 contract, and has standing to sue upon the 1984 collective bargaining agreement.

## RIGHT TO A JURY TRIAL

■ The plaintiffs' right to a jury trial is determined by whether the claim in question is legal or equitable. *Deringer v. Columbia Transportation Division, Oglebay Norton Co.*, 866 F.2d 859 (6th Cir.1989); *Crews v. Central States*, 788 F.2d 332 (6th Cir.1986); *Bugher v. Feightner*, 722 F.2d 1356 (7th Cir.1983), *cert. denied*, 469 U.S. 822, 105 S.Ct. 98, 83 L.Ed.2d 43 (1984). In the case at bar, count I of plaintiffs' complaint alleges that defendants violated 29 U.S.C. § 1132. It is the law in this circuit that actions for benefits under ERISA, 29 U.S.C. § 1132 are equitable in nature and there therefore is no right to a trial by jury. *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir.), *cert. denied*, 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 52 (1988); *Crews v. Central States*, 788 F.2d 332 (6th Cir.1986).

■ Count II of plaintiffs' complaint alleges a breach of fiduciary duty. Breach of fiduciary duty claims, especially those arising under ERISA, are also equitable in nature. *Smith v. ABS Industries, Inc.*, 653 F.Supp. 94 (N.D.Ohio 1986). Therefore, plaintiffs are not entitled to a trial by jury on count II of their complaint.

■ Count IV of plaintiffs' complaint alleges that the reversion constituted a breach of the collective bargaining agreement under section 301 of the LMRA, 29 U.S.C. § 185. In *Deringer v. Columbia Transportation Division, Oglebay Norton Co.*, 866 F.2d 859 (6th Cir.1989), the United States Court of Appeals for the Sixth Circuit held that a plaintiff in a hybrid § 301/

**560**

fair representation action does not enjoy a right to a jury trial where the only relief sought is equitable in nature. However, where the claim is one under § 301 rather than a hybrid § 301/fair representation claim, courts have held that the claim is akin to an action for breach of contract and the plaintiff is therefore entitled to a trial by jury. *Smith v. ABS Industries, Inc.,* 653 F.Supp. 94 (N.D.Ohio 1986). Further, in dicta contained in *Wood v. International Brotherhood of Teamsters,* 807 F.2d 493 (6th Cir.1986), *cert. denied,* 483 U.S. 1006, 107 S.Ct. 3232, 97 L.Ed.2d 738 (1987), the Honorable Leroy J. Contie, Jr. analyzed whether a hybrid § 301/fair representation action should be tried to a jury. In *Deringer,* the Court recounted Judge Contie's analysis as follows:

> He concluded that the fair representation issue was equitable in nature because the plaintiffs primarily sought a clearly equitable remedy: the setting aside of an arbitration award. Judge Contie found that the breach of contract issue, however, was legal in nature and triable to a jury. Based on the hybrid character of § 301 action, he concluded that only if the court, as trier of fact, concluded that the arbitration award had to be set aside because the union had breached its duty of fair representation, should the breach of contract claim subsequently have been tried to a jury.

*Deringer,* 866 F.2d at 863 (citations omitted). The case at bar does not involve a hybrid § 301/fair representation claim, but rather a § 301 claim for breach of a collective bargaining agreement. The § 301 claim in this action, then, is legal in nature. Therefore, the plaintiffs are entitled to a trial by jury on count IV of their complaint. Accordingly, counts I and II will be tried to the Court, but count IV will be tried to a jury.

### CONCLUSION

For the reasons set forth above, count III of plaintiffs' complaint is hereby dismissed for failure to state a claim upon which relief can be granted, plaintiffs' jury demand as to counts I and II of their complaint is hereby dismissed, and defen-

dants' motion to dismiss (which was treated as a motion for summary judgment in accordance with Fed.R.Civ.P. 12) is hereby denied in all other respects.

SO ORDERED.