United States Court of Appeals,

Eleventh Circuit.

No. 94-8547.

Ronald STEWART, David Kirchoff, Darrell L. Howard, Louis Kubitschek, John Tuckness, Ronald Keltner, on behalf of themselves and other persons similarly situated, Plaintiffs-Appellants,

v.

KHD DEUTZ OF AMERICA CORPORATION, Defendant-Appellee.

Feb. 28, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:91-CV-1534), Marvin H. Shoob, Judge.

Before HATCHETT, DUBINA and BLACK, Circuit Judges.

HATCHETT, Circuit Judge:

As a matter of first impression in this circuit, the court holds that a jury trial is available to plaintiffs in a breach of contract lawsuit brought under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and when a hybrid LMRA and Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1104(a), 1132(a)(1)(B), and § 1132(a)(3)), lawsuit is brought.

FACTS

In May 1985, appellee, KHD Deutz of America Corporation (KHD Deutz), purchased a combine manufacturing plant in Independence, Missouri, from Allis-Chalmers Manufacturing Company (Allis-Chalmers). KHD Deutz, through its wholly-owned subsidiary Deutz-Allis Corporation (Deutz-Allis), assumed the 1984 collective bargaining agreement (CBA) between Allis-Chalmers and Local 1958 of the United Steelworkers of America (Local 1958). In 1986, KHD Deutz and Local 1958 negotiated a new CBA almost identical to the 1984 CBA. Both CBAs provided health benefits to employees retiring

on or after May 25, 1985.

In June 1990, KHD Deutz sold Deutz-Allis and its Independence plant. Pursuant to the terms of the sales agreement, KHD Deutz retained responsibility for all health benefit programs for employees who retired between May 25, 1985, and December 31, 1989. On June 1, 1991, KHD Deutz unilaterally modified its retirees' health benefit program to provide for monthly premiums, increased deductibles, and reduced maximum lifetime benefits.

## PROCEDURAL HISTORY

On July 3, 1991, retired employees Ronald Stewart, David Kirchoff, Darrell L. Howard, Lewis Kubitschek, John Tuckness, and Ronald Keltner (the retirees) brought a class action lawsuit in the Northern District of Georgia alleging that KHD Deutz breached the 1984 and 1986 CBAs in failing to provide the health benefit coverage specified in the CBAs for the duration of their retirement. In their complaint, the retirees presented a legal claim for breach of contract and sought legal and equitable relief under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and sections 404(a), 502(a)(1)(B), and 502(a)(3) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1104(a), 1132(a)(1)(B), and 1132(a)(3). In the alternative, the retirees alleged that KHD Deutz should be equitably estopped from reducing their benefits because the company intentionally induced, directed, and caused the fiduciary to engage in breaches of fiduciary duty.

On July 5, 1991, the retirees filed a motion for a preliminary injunction to prevent KHD Deutz from modifying their health

benefits. On December 16, 1991, the district court denied the preliminary injunction finding that the language of the CBAs unambiguously established KHD Deutz's right to modify the health benefits, and thus precluded the court from considering extrinsic evidence on the issue. The retirees appealed the denial of their preliminary injunction motion to this court. On January 5, 1993, this court reversed the district court and directed it to consider the extrinsic evidence the parties offered. *Stewart v. KHD Deutz of America Corp.,* 980 F.2d 698, 704 (11th Cir.1993). On remand, the retirees renewed their motion for preliminary injunction, and KHD Deutz filed a motion to strike the jury demand.

On January 13, 1994, the district court denied the retirees' renewed motion for preliminary injunction and granted KHD Deutz's motion to strike the jury demand. In striking the jury demand, the district court held that the retirees could not recover extracontractual damages under section 301. On March 7, 1994, after the retirees filed a motion to certify the jury trial issue for appeal, the court granted the retirees' motion and certified the jury issue for interlocutory review. The district court certified the issue pursuant to 28 U.S.C. § 1292(b) as follows:

> whether plaintiffs are entitled to a jury trial of their breach of contract claims under section 301 of the Labor Management Relations Act where those claims are joined with claims under the Employment Retirement Income Security Act of 1974 which are not triable to a jury in an action to restore retiree health benefits and recover damages for breach of contract.[1]

---

[1]Initially, this appeal was consolidated with the appeal from the district court's denial of the retirees' renewed motion for a preliminary injunction. The retirees, however, voluntarily dismissed their appeal on the denial of the renewed motion for preliminary injunction; therefore, that issue is not presently

CONTENTIONS

The retirees contend that the district court erred in striking their demand for a jury trial on their breach of contract claim under section 301 of the LMRA because that claim and the remedy sought are both legal in nature; thus, the Seventh Amendment entitles them to a jury trial. The retirees also contend that their right to a jury trial on the section 301 claim remains intact even though it is joined with ERISA claims that do not ordinarily afford the right to a jury trial.

In response, KHD Deutz contends that the district court properly granted its motion to strike the retirees' demand for a jury trial because the remedies sought under section 301 of the LMRA and section 502 of ERISA are equitable in nature; therefore, no Seventh Amendment right to a jury trial exists on the retirees' section 301 claim. In the alternative, KHD Deutz contends that even if the monetary relief sought under section 301 is construed as legal in nature, the remedy is properly characterized as incidental to, or intertwined with, ERISA, and therefore does not entitle the retirees to a jury trial.[2]

ISSUES

This interlocutory appeal presents the following issues: (1) whether the retirees are entitled to a jury trial on their breach of collective bargaining claim under section 301 of the LMRA; and

---

before this court.

[2]KHD Deutz also argues that this court should dismiss this appeal because it was initially granted in connection with the retirees' appeal of the denial of their renewed motion for preliminary injunction. We reject this contention.

(2) if so, whether the retirees retain their Seventh Amendment right to a jury trial in a hybrid LMRA/ERISA action where the amount of monetary relief sought under LMRA and ERISA is identical.

## DISCUSSION

A. Right to jury trial under section 301 of LMRA

This court reviews a district court's grant of a motion to strike a jury demand in plenary fashion. *Waldrop v. Southern Co. Services, Inc.,* 24 F.3d 152, 155 (11th Cir.1994). Because this court has not specifically addressed whether the Seventh Amendment provides a right to a jury trial in a section 301 LMRA action, we first address this issue.

In determining whether the retirees are entitled to a jury trial on the section 301 claim, we first interpret the statute. *Waldrop,* 24 F.3d at 155. Section 301 of the LMRA provides for lawsuits by and against labor unions, stating in pertinent part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C.A. § 185(a) (West 1978). Because section 301 does not provide a statutory right to a jury trial, we must now determine whether a jury trial is required under the Seventh Amendment. *Waldrop,* 24 F.3d at 155.

The Seventh Amendment secures the right to a jury trial "[i]n suits at common law[ ] where the value in controversy shall exceed twenty dollars." *Waldrop,* 24 F.3d at 156. Although at the time of its adoption the Seventh Amendment only preserved the right of jury

trial for common law actions existing in 1791, courts have interpreted the amendment to extend to "all suits where legal rights are involved whether at common law or arising under federal legislation."  *Waldrop,* 24 F.3d at 156;  *see also Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260 (1974).  We employ a two-part inquiry to determine the availability of a jury trial under the Seventh Amendment when a federal statute does not explicitly provide for a jury trial.      *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry,* 494 U.S. 558, 565, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990).  First, we compare the nature of the issues to be resolved to "[eighteenth century] actions brought in the courts of England prior to the merger of the courts of law and equity."  *Tull v. United States,* 481 U.S. 412, 417-18, 107 S.Ct. 1831, 1835-36, 95 L.Ed.2d 365 (1987).  Second, we assess whether the remedy sought is legal or equitable in nature. *Tull,* 481 U.S. at 418, 107 S.Ct. at 1836.  The nature of the remedy sought is the more important inquiry in our analysis.  *Terry,* 494 U.S. at 565, 110 S.Ct. at 1344.

An action for breach of a CBA did not exist under common law. *Terry,* 494 U.S. at 565-66, 110 S.Ct. at 1344-45.  Therefore, to satisfy the first inquiry we look for an analogous cause of action that existed in eighteenth century England.  The retirees contend that their action for breach of the CBAs most resembles a breach of contract action.   In support of their characterization, the retirees note that section 301 explicitly provides for "suits for violation of contracts."  29 U.S.C. § 185(a).  KHD Deutz argues that this cause of action more closely mirrors a trust

beneficiary's equitable action because ERISA, like a trust, places fiduciary duties on employers in the implementation of ERISA-regulated plans.

We agree with the retirees' characterization of this action. The dispositive issue is whether KHD Deutz breached the CBAs. KHD Duetz urges this court to analyze the issues to be resolved under the retirees' 301 claim in light of retirees' ERISA claims. The retirees' section 301 claim, however, is actionable independent of ERISA. *See Ross v. Bernhard,* 396 U.S. 531, 537, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970) (the Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action). Thus, for purposes of Seventh Amendment analysis, ERISA is irrelevant. KHD Deutz also argues that the retirees' characterization of the issues in this LMRA/ERISA action constitutes conclusory labeling. Although the Supreme Court has stated that for Seventh Amendment analysis the nature of the remedy is more dispositive than the nature of the issues to be tried, the first inquiry is nonetheless essential because the Seventh Amendment only extends to cases in which legal rights are at stake.[3] *See Grandfinancier v. Nordberg,* 492 U.S. 33, 44, 109 S.Ct. 2782, 2791, 106 L.Ed.2d 26 (1989); *Blake v. Unionmutual Stock Life Ins. Co.,* 906 F.2d 1525, 1526 (11th Cir.1990). We hold that the

---

[3]The Seventh Amendment right to a jury, however, may also attach to a cause of action that encompasses both legal and equitable issues. *See Terry,* 494 U.S. 558, 110 S.Ct. 1339, 108 L.Ed.2d 519 (holding that an action for breach of fair representation under section 301 of LMRA was legal in nature despite the fact that the issue when viewed in isolation, was analogous to a claim against the trustee for breach of fiduciary duty—an equitable action).

retirees' breach of CBA claim is most analogous to a claim of breach of contract—a legal cause of action. *See Terry,* 494 U.S. at 570, 110 S.Ct. at 1347 (holding that a breach of a collective bargaining agreement is most analogous to a "breach of contract claim"). Thus, we conclude that the issues to be resolved under the section 301 claim, when viewed in isolation of the ERISA claims, are legal in nature.

The second inquiry requires this court to examine whether the remedy sought is legal or equitable in nature. The only remedy the retirees seek under section 301 of LMRA is compensatory damages representing out-of-pocket expenditures incurred as a result of the decreased health benefits.[4] An action for money damages was "the traditional form of relief offered in courts of law." *Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1994); *Terry,* 494 U.S. at 570, 110 S.Ct. at 1347. Monetary relief, however, is only presumed to be a legal remedy. A monetary award may be characterized as an equitable remedy if it is found to be "incidental to or intertwined with injunctive relief." *Terry,* 494 U.S. at 571, 110 S.Ct. at 1348.

KHD Deutz argues that the monetary relief the retirees seek under section 301 is equitable in nature because the 301 action involves an ERISA-regulated plan.[5] In support of its proposition,

---

[4]Retirees concede that the same remedy is sought under both ERISA and LMRA; however, they argue that for purposes of Seventh Amendment analysis, the remedy is characterized differently under LMRA.

[5]The argument KHD Deutz makes here is similar to an argument the Supreme Court rejected in *Terry.* In *Terry,* the defendant argued that the monetary damages plaintiffs sought were equitable because the court characterized back pay awarded under Title VII

KHD Deutz cites *Blake v. Unionmutual Stock Life Ins. Co.,* 906 F.2d 1525 (11th Cir.1990). In *Blake* this court held that monetary relief sought under section 502 of ERISA was equitable in nature; therefore, no Seventh Amendment right to a jury trial existed. The plaintiffs in *Blake* sought monetary damages under ERISA for medical expenses incurred and claimed that they were entitled to a jury trial. The plaintiffs in *Blake* argued that the monetary damages under ERISA was more analogous to a monetary award in a breach of contract action than injunctive relief. The court in *Blake* rejected plaintiffs' argument and held that the monetary relief sought was equitable. In reaching its holding the court stated:

> Although the plaintiffs assert that they are claiming money damages, in effect they are claiming the benefits they are allegedly entitled to under the plan. Although here the medical treatment has been completed so that a money judgment would satisfy their demands, if the claimants were still under treatment, only an order for continuing benefits would be sufficient.

*Blake,* 906 F.2d at 1526. Accordingly, the court in *Blake* affirmed the district court's decision striking plaintiffs' jury demand.

In this case, KHD Deutz's reliance on *Blake* is misplaced. For purposes of Seventh Amendment analysis, ERISA has been interpreted as an equitable statute. *See Chilton v. Savannah Foods & Industries, Inc.,* 814 F.2d 620, 623 (11th Cir.1987); *Blake,* 906

---

of the Civil Rights Act of 1964 as equitable. *Terry,* 494 U.S. at 571, 110 S.Ct. at 1348. After noting that Congress specifically characterized back pay under Title VII as a form of equitable relief and finding no such congressional declaration under the National Labor Relations Act (NLRA), the Court refused to find a parallel between Title VII back pay—an equitable remedy—and back pay sought in a section 301 LMRA action. *Terry,* 494 U.S. at 573, 110 S.Ct. at 1349. Similarly, this court declines to find a parallel connection between money damages sought under ERISA, an equitable statute, and monetary damages sought in a cause of action under section 301 of LMRA that is legal in nature.

F.2d at 1526.  Accordingly, no Seventh Amendment right to a jury trial exists in actions brought pursuant to ERISA.  *Chilton,* 814 F.2d at 623.  Unlike ERISA, this court has not interpreted section 301 to be equitable in nature.  *United Steelworkers of America v. Connors Steel Co.,* 855 F.2d 1499 (11th Cir.1988).  Therefore, the classification of monetary damages under ERISA is not determinative.  Because we find no reason to depart from the general rule that monetary relief sought pursuant to section 301 of the LMRA is legal in nature, we conclude that the retirees have a Seventh Amendment right to a jury trial on their section 301 claim.

B. Right to jury trial under hybrid LMRA/ERISA action

The central issue in this case is whether the joinder of a section 301 LMRA claim with ERISA claims deprives the retirees of their constitutional right to a jury trial.  The Supreme Court has repeatedly stressed that the Seventh Amendment right to a jury trial is not abridged when equitable and legal claims are joined in the same action.  *See Ross,* 396 U.S. at 537-38, 90 S.Ct. at 737-38 ("where equitable and legal claims are joined in the same action, there is a right to a jury trial on legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims");  *Tull,* 481 U.S. at 425, 107 S.Ct. at 1839 (same);  *Loether,* 415 U.S. at 196 n. 11, 94 S.Ct. at 1009 n. 11 (same).

Although the issue of whether plaintiffs retain their Seventh Amendment right to a jury trial in a hybrid LMRA/ERISA action is a matter of first impression in this circuit, other courts have

considered the question and held the right to a jury trial exists in such cases. *Senn v. United Dominion Industries, Inc.*, 951 F.2d 806, 813-14 (7th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 2992, 125 L.Ed.2d 687 (1993); *Local 836, United Automobile Workers v. Echlin, Inc.*, 670 F.Supp. 697 (E.D.Mich.1987); *International Union, United Automobile Workers v. Park-Ohio Industries*, 661 F.Supp. 1281 (N.D.Ohio 1987), *aff'd in part, rev'd in part on other grounds*, 876 F.2d 894 (6th Cir.1989); *Smith v. ABS Industries, Inc.*, 653 F.Supp. 94 (N.D.Ohio 1986). For example, the Seventh Circuit in *Senn* held that plaintiffs were entitled to a jury trial in a hybrid LMRA/ERISA action. *Senn*, 951 F.2d 806. In *Senn* the plaintiffs asserted a claim for breach of contract and sought compensatory and injunctive relief pursuant to section 301 of the LMRA and sections 404(a)(1), 502(a)(1)(B), and 502(a)(3) of ERISA. In that case, the plaintiffs requested a jury trial on their section 301 claim; the trial court granted plaintiffs' request, and the defendant appealed. The court in *Senn* held that the Seventh Amendment provided plaintiffs with the right to a jury trial because plaintiffs instituted a legal claim for breach of contract and sought legal relief in the form of compensatory damages pursuant to section 301 in addition to their ERISA claims. *Senn*, 951 F.2d at 813-14. Accordingly, the *Senn* court affirmed the district court's decision denying defendant's motion to strike jury demand.

In an attempt to distinguish *Senn* from this case, KHD Deutz argues that the retirees seek extracontractual damages. This argument is without merit. As previously noted, the monetary

relief the retirees seek under section 301 and ERISA is identical.

Moreover, if the retirees sought extracontractual damages under section 301 of the LMRA in a LMRA/ERISA action, their 301 claim would be barred. *See Connors,* 855 F.2d 1499 (holding that extracontractual damages under section 301 of the LMRA is not recoverable in a hybrid LMRA/ERISA action).[6] In the alternative, KHD Deutz argues that the comprehensive scheme of ERISA warrants the denial of the retirees' right to a jury trial on their section 301 claim in this action. We also reject this argument. First, section 514(d) of ERISA explicitly saves federal causes of action including section 301 of the LMRA.[7] 29 U.S.C. § 1144(d). Second, permitting the retirees to exercise their constitutional right to a jury trial is "consistent with the spirit of the Federal Rules of Civil Procedure, which allow liberal joinder of legal and equitable actions, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1982 ed.), which preserves the right to jury trial to both parties." *Terry,* 494 U.S. at 589, 110 S.Ct. at 1357 (Kennedy, J., dissenting). Finally, and more importantly, the Seventh Amendment

---

[6]In *Connors,* plaintiff sought extracontractual compensatory damages under both section 502 of ERISA and section 301 of LMRA. After concluding that extracontractual damages were not available under ERISA, the court in *Connors* held that extracontractual damages were also not available under LMRA. *Connors,* 855 F.2d at 1509. The court reasoned that to allow extracontractual damages under section 301 would frustrate ERISA. *Connors,* 855 F.2d at 1509. Because retirees do not seek damages above and beyond damages provided for under ERISA, *Connors* does not control the issue of whether a jury trial is permissible on a section 301 claim in a hybrid LMRA/ERISA action.

[7]Section 514(d) of ERISA provides: "[n]othing in this [statute] shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law." 29 U.S.C.A. § 1144(d) (West 1985).

right to a jury trial should be abridged, if at all, "only under the most imperative circumstances"; circumstances of which do not exist in this case. *See Dairy Queen Inc. v. Wood,* 369 U.S. 469, 472-73, 82 S.Ct. 894, 897-98, 8 L.Ed.2d 44 (1962) (" "only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through ... determination of equitable claims.' ") (quoting *Beacon Theatres v. Westover,* 359 U.S. 500, 510-11, 79 S.Ct. 948, 956-57, 3 L.Ed.2d 988 (1959)).

For the reasons set forth above, we join the Seventh Circuit in holding that plaintiffs are entitled to a jury trial in hybrid LMRA/ERISA actions. Accordingly, the district court is reversed, and the case is remanded to the district court with directions that it proceed consistent with this opinion.

REVERSED.